Oscar **DE LEON**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 22519.

United States Court of Appeals
Fifth Circuit.

Jan. 31, 1966.

---

Mario G. Obledo, San Antonio, Tex., for appellant.

Mario J. Martinez, Reese L. Harrison, Jr., Asst. U. S. Attys., Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee.

Before JONES and BROWN, Circuit Judges, and DYER, District Judge.

DYER, District Judge:

The question on this appeal is whether it was an abuse of judicial discretion for the district court to refuse appellant's motion to withdraw a plea of guilty and enter a plea of not guilty under the circumstances herein related.

Appellant was indicted for an alleged violation of Title 21, U.S.C.A., § 174.[1]

When the appellant was arraigned on September 18, 1962, the indictment was read in open court and he was informed of the maximum sentence that could be imposed if he should plead guilty or be found guilty of the charge. When the appellant was asked whether he had had an opportunity to discuss the offense with his counsel he replied that he had. When asked whether he was prepared to enter a plea, his response was "Guilty."

Appellant's counsel then interjected: "Judge, if I could have about 30 seconds or 15 seconds right here with the defendant, I'd like to advise him of what counsel is telling him, so he will understand what he is doing. I believe he understands, but I want to be sure myself." After a conference with the appellant, his counsel explained to the Court that the appellant was actually represented by another member of the bar who was unavoidably absent; that the appellant

---

1. The indictment charged that Oscar De-Leon did knowingly and fraudulently receive, conceal, and facilitate the transportation and concealment of a narcotic drug, to-wit: thirty-two (32) grams of heroin, after the said narcotic drug had been imported and brought into the United States contrary to law; and the said Oscar DeLeon then knew said narcotic drugs had been imported and brought into the United States contrary to law.

would enter a plea of not guilty and when his retained counsel returned he would confer with the appellant further to determine whether he might change his plea. The Court accepted the plea of not guilty and passed the case.

The following day, September 19, 1962, the appellant and his retained counsel appeared before the Court. Counsel moved to withdraw the appellant's plea of not guilty and enter a plea of guilty. The following colloquy ensued:

> The Court: Do you understand what you are charged with?
>
> The Defendant: Yes sir.
>
> The Court: What are you charged with?
>
> Mr. Semaan (Defendant's counsel): Do you know what the Judge is asking you?
>
> The Court: You said you understood what you were charged with; is that right?
>
> The Defendant: Yes sir.
>
> The Court: What is that?
>
> Mr. Semaan: What are you accused of having done?
>
> The Court: You don't know?
>
> The Defendant: I do.
>
> The Court: Well, say what it is.
>
> Mr. Semaan: What did I explain to you when you sat there a few minutes ago?
>
> The Court: Better explain it again. Read the charge."

The indictment was then read to the defendant. He was asked if he understood it and he replied yes. He plead guilty, denied that there were any promises, inducements or threats made to him and stated that his plea was voluntarily made. Sentence was deferred.

Two days later, September 21, 1962, when the appellant appeared in Court for sentencing, his counsel announced that the defendant had discharged him and desired to change his plea. The Court then inquired as follows:

> "The Court: Now, Mr. DeLeon, is it true that you wish Mr. Semaan to withdraw from this case?
>
> The Defendant: Yes sir.
>
> The Court: Is it true that you stated to him that you wanted to change your plea from guilty to not guilty.
>
> The Defendant: Yes sir.
>
> The Court: Why?
>
> The Defendant: Because I didn't understand the charge, and I thought I was accused of just knowing these people from Mexico that were implicated.
>
> The Court: You thought what?
>
> The Defendant: I knew these people from Mexico that were implicated in narcotics. I thought that was my charge."

The Court then questioned the defendant with respect to having heroin in his possession, of burying it in the ground, and of having dealt in it on a large scale, all of which the defendant denied. Under rigorous questioning by the Court about the defendant's failing to understand the charges, the defendant persisted in his answer that he thought he was charged because he knew certain people from Mexico who were implicated with narcotics.

Without counsel the Court then proceeded to sentence the defendant to ten years, adding that the defendant could get an attorney to file a motion if he wished to do so.

On September 25, 1962, the defendant's case was again called, and after ascertaining that defendant did not have counsel, the Court stated: "Well, I'm going to set the sentence aside that I imposed on you a few days ago *and I'll sentence you a little bit later today.*"

The Court then appointed counsel to represent the defendant and called defendant's formerly retained counsel as a witness to testify in detail concerning his conversations with the defendant. The testimony was not limited to the question of whether the plea was understandingly made, but was a running account of defendant's disclosures to his then retained counsel and the latter's

stated reasons for his disbelief in what defendant had told him.

At the conclusion of the hearing, the Court again overruled the defendant's motion to withdraw his plea of guilty and enter a plea of not guilty and imposed sentence of ten years.

The case is before us on an appeal from the district court's order denying appellant's 2255 motion attacking the sentence imposed by that court.

■ The government raises a threshold question that the appellant's 2255 motion may not be utilized as a substitute for appeal. The cases are, of course, legion to this effect. Iterating this in Larson v. United States, 5 Cir., 275 F.2d 673, we pointed out our reluctance, however, to generalize too broadly where § 2255 is concerned because "The Great Writ and its little brother Section 2255, cannot be compressed within a stereotyped generalization." We have no doubt that when, as here, the appellant asserts that his guilty plea was entered by him without knowledge of his rights, "the plea suffers the defect of inherent untrustworthiness," Watts v. United States, 107 U.S.App.D.C. 367, 278 F.2d 247, and a sentence rendered thereon is amenable to proceedings under § 2255. Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396, cf. Harris v. United States, 5 Cir., 216 F.2d 953.

■ The withdrawal of a guilty plea before sentencing is not an absolute right but is within the sound discretion of the trial court which will be reversed by an appellate court only for an abuse of that discretion. Williams v. United States, 5 Cir., 192 F.2d 39. When a guilty plea has been received from a defendant appearing without counsel, leave to withdraw it prior to sentencing should be freely allowed. Gearhart v. United States, 106 U.S.App.D.C. 270, 272 F.2d 499. If, for any reason, the granting of the motion seems fair and just, the Court in its discretion should permit an accused to substitute a plea of not guilty and have a trial. Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009.

■ Courts must always be diligent to ascertain whether a plea of guilty was understandingly made, and when it appears *before sentencing* that such a plea was entered by a defendant who did not understand the charges or acted as a result of mistake, it is an abuse of discretion not to permit the plea to be withdrawn.

■ While a hearing to determine this issue may well be required, accusatory inquiries of the defendant and eliciting confidential conversations between the defendant and his counsel were clearly beyond the permissible scope of inquiry.

■ On this record, the Court should have granted leave to appellant to withdraw his plea of guilty. The cause will be remanded to the district court with direction to vacate the judgment of conviction to allow appellant to withdraw the plea of guilty and enter a plea of not guilty, and to conduct such further proceedings as may be appropriate.

Reversed and remanded.