**Leonard Whaylon SMITH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23396.**

United States Court of Appeals
Fifth Circuit.

May 31, 1967.

Paul Frederick Rothstein, Joel J. Finer, Allen E. Smith, Austin, Tex., for appellant.

Andrew L. Jefferson, Jr., Reese L. Harrison, Jr., Asst. U. S. Attys., Ernest Morgan, U. S. Atty., San Antonio, for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and AINSWORTH, Circuit Judges.

HUTCHESON, Circuit Judge.

Upon a plea of guilty, appellant Smith was convicted on three counts of forgery in violation of 18 U.S.C. Sec. 495 and sentenced to imprisonment on consecutive sentences for a total period of nine years. On appeal he contends that the totality of circumstances having occurred with regard to the arraignment and sentencing proceedings demonstrate (1) that his guilty plea was not entered voluntarily with an understanding of the nature of the charge, and (2) that the district court erred in failing to grant a motion made prior to sentencing to withdraw the plea. We disagree with both contentions and affirm.

It is necessary to an understanding of the alleged errors that the facts relating to the acceptance of the plea and the imposition of sentence thereon be set out in detail. Appellant was indicted on May 14, 1965, in the Western District of Texas for forgery. Thereafter he was arrested in Los Angeles, California, and removed to San Antonio, Texas, which is located in the Western District of Texas. He was advised by his retained counsel to plead not guilty, but this counsel withdrew from the case prior to arraignment. The court appointed another attorney, Guy Bonham, to represent appellant.

The arraignment was conducted by Judge Spears four days after the indictment was returned. He first ascertained that appellant was mentally competent to proceed with the arraignment. Next appellant was advised concerning the nature of the charge, the maximum sentence, and maximum fine he could receive on each count. On Bonham's advice, he pleaded guilty. The judge delved further into appellant's understanding of the proceedings, asking whether appellant understood the terms used in the indictment and the charges against him; whether the plea was entered because he was guilty and for no other reason. Appellant answered these questions affirmatively. He was asked if he had been promised any reward in return for the guilty plea or pressured to plead guilty against his will; whether anyone had suggested the judge's probable attitude to a guilty plea or that cer-

tain things would be done for appellant if he pleaded guilty. All these questions were answered negatively. After appellant acknowledged that he entered the plea of his own free will, the guilty plea was accepted and appellant was convicted on the three counts to which the guilty plea was entered. It was only after the plea was accepted that appellant's counsel remarked that there were a number of similar cases pending against appellant in other jurisdictions which appellant wished to dispose of in a single proceeding pursuant to F.R. Crim.P. 20.[1] It was agreed that for appellant's convenience, sentencing would be deferred until such time that it was ascertained whether United States attorneys in the other jurisdictions would consent to such disposition of the pending indictments in the Western District of Texas. The colloquy regarding postponement of sentencing, the meaning of which later was disputed, is set out in the margin.[2]

Appellant was brought into court for the second time about one month later even though the Rule 20 procedures were still incomplete. Judge Noel of the Southern District of Texas, presiding in the absence of Judge Spears, apparently was unaware of the temporary postponement of sentencing. He proceeded to sentence appellant, after which appellant's counsel left the courtroom. Then appellant brought the arrangements concerning sentencing to Judge Noel's attention. He decided to let the sentence stand but noted that Judge Spears on his return could set it aside.

When appellant appeared in court for the third time on August 20, 1965, Judge Spears immediately made it clear that appellant had not been promised at the arraignment that all sentences would be imposed in one Rule 20 proceeding since the use of Rule 20 must be approved by the United States attorneys handling the cases pending in other districts. Acknowledging, however, that the sentence imposed by Judge Noel was the result of a misunderstanding, Judge Spears set it aside. Before the court could take further action, appellant abruptly interjected that he was not capable, mentally or physically, of continuing. He requested a mental examination. It was made known that the examination, which was ordered would cause delay. This court appearance was terminated. Later appellant was examined and found mentally competent.

Appellant's fourth court appearance occurred two months later on November 30, 1965, after he had complained of the services rendered by his appointed coun-

1. "A defendant arrested in a district other than that in which the indictment or information is pending against him may state * * * that he wishes to plead guilty * * *, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested, subject to the approval of the United States attorney for each district. * * *"

2. After explaining appellant's desire to use Rule 20, his counsel said, "I don't know what the Court's attitude would be about it. I just mention that."

When asked his opinion of the matter, the United States attorney replied: "Your Honor, we do not know yet if the other offices of the United States attorney's office are going to agree and consent to the Rule 20 proceedings in our district. I would think that we could at least defer until at least such time as to ascertain if there is going to be Rule 20 proceedings in this district, and at that time, consult with the defendant and his attorney to see whether or not they would like to go ahead with the sentencing or if Rule 20 proceedings will be had in this district in order to wait and have all the sentencings at one time. We are agreeable to that. However, it might involve such a time as the defendant, of his own free will and accord might choose to have the sentencing before then.

THE COURT: The only thing I want the defendant to know, as well as his counsel, is that this Court believes in giving speedy trials as quickly as possible. I notice he is in jail; so I leave it to you gentlemen to let me know when you are ready for sentencing, either the United States attorney's office or you, Mr. Bonham. I don't want to leave him over there and forgotten about."

sel who also had moved to withdraw. However, before Bonham was allowed to withdraw, appellant requested that the guilty plea, which was entered on Bonham's advice, be withdrawn. Appellant never received an answer to this motion, notwithstanding he again asked to withdraw the plea. While the judge was about to relieve Bonham, appellant lodged another complaint, this one being that his mail was being intercepted. The judge instructed appellant to give his letters to a marshal who would bring them to the judge to see that they were mailed. Bonham was permitted to withdraw from the case. Appellant requested and received 30 days within which to retain his own counsel.

Eight months after arraignment, appellant appeared in court on January 26, 1966, for the fifth and final time. He had been unable to retain counsel, so the court had appointed another attorney, Mr. Putnam, to represent him. However, Putnam's services were rejected by appellant who said he felt that sentencing was all that needed to be done, and he therefore did not need a lawyer. The judge nevertheless asked Putnam to stay in the courtroom in order to be available for consultation. Appellant apparently changed his view that he only needed to be sentenced, for he then declared that since it appeared that Rule 20 was unavailable to him in the Western District of Texas, he wanted a change of venue to the district where he was arrested. Somewhat disturbed, the judge again attempted to discover whether appellant still had the mental capacity to enter a guilty plea and whether he still wished to plead guilty. Appellant denied that the plea was induced by promises or threats. The ensuing colloquy between appellant and the judge is significant:

"THE COURT: And you have told me today that you are guilty of the offenses for which you have been brought to trial here in San Antonio; is that right?

MR. SMITH: Well, your Honor, will I be sentenced today?

THE COURT: Yes, sir.

MR. SMITH: Yes, sir.

THE COURT: That is not being made as a promise to get you to plead guilty, Mr. Smith. I am answering a question; you are going to be sentenced today because today is the day that is set for your sentence. You understand that?

MR. SMITH: Yes, sir.

THE COURT: Understand that is not being said to you in an effort to induce you to plead guilty or to say that you are guilty. Do you understand that?

MR. SMITH: I understand.

THE COURT: All right. Did anyone make you any promises today to get you to tell me today or to repeat the fact that you are guilty?

MR. SMITH: No, sir.

THE COURT: *Then are you making this, are you entering this plea and are you saying again today that you are guilty voluntarily and of your own free will?*

MR. SMITH: *Yes, sir.*

THE COURT: Not with any reservation that you may have been incompetent or insane at the time that you committed the offenses or anything like that, but because you are guilty; is that right?

MR. SMITH: Yes, sir, that is right."

F.R.Crim.P. 11 provides in pertinent part that the court shall not accept a plea of guilty "without first determining that the plea is made voluntarily with understanding of the nature of the charge." We note that before appellant's guilty plea was accepted at arraignment, the judge carefully determined that appellant was mentally competent to undergo arraignment; that he understood the nature of the offense charged by the indictment and the possible penalties for conviction thereof; that the plea was not induced by promises, pressures, or suggestions; and that the plea was given freely. There was no reason to believe at that time that the plea was conditioned upon the ultimate

use of Rule 20. Cf. Hulsey v. United States, 369 F.2d 284 (5th Cir. 1966). The court was informed after the plea was accepted only that appellant desired to make use of Rule 20 if possible. It is clear that the trial judge made a searching examination of appellant and had good reason to believe that the plea was given voluntarily and with the requisite understanding. We hold that the plea was accepted in accordance with Rule 11.

■ We deal now with the question whether it was error not to grant the motion, made before sentence was imposed, to withdraw the plea.[3] Although this is a closer question, we also resolve it against appellant. It is a well-settled rule that "[t]he withdrawal of a guilty plea before sentencing is not an absolute right but is within the sound discretion of the trial court which will be reversed by an appellate court only for an abuse of that discretion." De Leon v. United States, 355 F.2d 286, 289 (5th Cir. 1966).[4]

Our careful scrutiny of the record does indeed detect the presence of some confusion, complained of by appellant, much of which, however, we attribute to appellant himself. After reading particularly the colloquies between the judge and the appellant, we are convinced that their total effect is an assertion of guilt by appellant and an intention on his part to plead guilty. It is obvious that the trial judge went to lengths to attempt to satisfy each of appellant's complaints, even to the point of personally handling his mail, although it sometimes appeared unlikely that appellant would remain satisfied for long.[5]

It is said that appellant was misled when told that Rule 20 was available to him in the district where he was held providing the United States attorneys in other jurisdictions consented to its use, for the reason that in fact Rule 20 is properly available only in the district where a defendant is arrested,[6] which in this case was Los Angeles and not San Antonio. Even so, we do not see that appellant was prejudiced by the government's offer to permit use of Rule 20, which offer never was retracted on this technical ground.

No doubt appellant could have been confused temporarily when sentenced by Judge Noel. But the sentence was quickly set aside when brought to the attention of Judge Spears and the matter was clarified when the reason for its being set aside was explained.

Appellant's numerous appearances before the court and the considerable delay between arraignment and sentencing were due to actions initiated by appellant which he was apprised would be time consuming: he was told that it would take time to obtain the consent, if it were obtainable, of United States attorneys in other jurisdictions to employ Rule 20; he also was made aware that the requested mental examination would delay sentencing proceedings.

Appellant's last court appearance is significant to the determination whether his motion to withdraw his plea should have been granted. When appellant requested a change of venue, the judge

---

3. F.R.Crim.P. 32(d) provides: "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

4. Accord, Georges v. United States, 262 F.2d 426, 430 (5th Cir. 1959); Mosely v. United States, 207 F.2d 908 (5th Cir. 1953), cert. denied, 347 U.S. 933, 74 S.Ct. 626, 98 L.Ed. 1084 (1954); Williams v. United States, 192 F.2d 39, 40 (5th Cir. 1951); Mitchell v. United States, 179 F.2d 305 (5th Cir. 1950) (per curiam).

5. At one point the judge declared: "[E]very time, Mr. Smith, that somebody tries to do something to help you, it appears that you want something else after they have done that. I just frankly have done about all I know to do to assist you."

6. Effective July 1, 1966, Rule 20 was amended so as to be available also in the district where the defendant is held.

turned his attention to ascertaining what it was that appellant actually wanted. In the colloquy quoted above, appellant reiterated his guilt and expressly said that he wished to plead guilty. Considering this statement in conjunction with the other colloquies between appellant and the court, we cannot find an abuse of discretion on the part of the district judge, notwithstanding the force and skill with which appellant's arguments have been presented by counsel appointed on appeal.

The judgment is affirmed.