John Vincent **KIRSHBERGER** and Reynold Dean McCarty, Appellants,

v.

**UNITED STATES of America,**
**Appellee.**

No. 24473.

United States Court of Appeals
Fifth Circuit.

April 8, 1968.

Before GEWIN and COLEMAN, Circuit Judges, and HUGHES, District Judge.

GEWIN, Circuit Judge:

The appellants along with one Evans were adjudged to be guilty upon their plea of guilty of knowingly, willfully and unlawfully transporting in interstate commerce a stolen motor vehicle from Wichita, Kansas, to Hinds County, Mississippi, knowing the same to have been stolen in violation of Title 18, U.S.C. § 2312. Each was sentenced to a term of three years in the United States District Court for the Southern District of Mississippi. After perfecting his appeal and while represented by counsel Evans withdrew his appeal of his own motion.

Appellants entered their pleas of guilty on December 14, 1966. However, at a hearing before sentencing on January 18, 1967, defendants moved the court to allow them to withdraw their pleas of guilty and enter pleas of not guilty pursuant to Rule 32(d) F.R.Crim.P.[1] Thereupon Honorable Robert W. Thompson [2] of Gulfport, Mississippi was appointed counsel for the appellants and the court conducted a thorough and complete plenary hearing on the motion. Both appellants and Evans testified. In addition, the Chief U. S. Deputy Marshal of the Southern District of Mississippi testified. At the conclusion of the hearing the court denied the motion and proceeded to impose sentence.

On this appeal the appellants contend that they were denied "their constitutional rights and privileges against self-incrimination under the Fifth Amendment, which includes right to counsel, and that they have been deprived of due process and equal protection of the laws under the Fourteenth Amendment of the

Lester C. Franklin, Jr., Pascagoula, Miss., for appellants.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., Robert J. Graham, Atty., Dept. of Justice, Washington, D. C., for appellee.

1. The rule provides as follows:
   "32(d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

2. During oral argument it was asserted that Mr. Thompson was an attorney of vast experience and formerly had been President of the Bar Association of Mississippi.

United States Constitution." After a careful examination and analysis of the proceedings conducted in the district court on December 14, 1966, when the guilty pleas were entered, and the proceedings in the same court on January 18, 1967, when the motion of appellants to withdraw their pleas was denied, we affirm.

In considering the record and in deciding the issues presented we have kept in mind the general principle that Rule 32(d) should be construed liberally in favor of the accused when a motion is made to withdraw a plea of guilty before sentence is imposed. Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); DeLeon v. United States, 355 F.2d 286, 289 (5 Cir. 1966); Hawk v. United States, 119 U.S.App.D.C. 267, 340 F.2d 792, 795 (1964); Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396, 400 (1957).

A fairly detailed statement of the facts appears to be appropriate. On December 11, 1966, the appellants (and Evans) were arrested by state officers and placed in the Hinds County jail in Jackson, Mississippi. On December 12, FBI agents arrived and interviewed the appellants and obtained a statement. It appears that such agents fully informed the appellants of their constitutional rights before taking the statement. On December 13, they were served with a federal warrant charging interstate transportation of a stolen motor vehicle knowing the same to have been stolen as charged in the information. Later that same day they were taken before the U. S. Commissioner. Again they were advised by the Commissioner of their constitutional rights, including the right to counsel. On December 14, they appeared before the district court where they waived counsel and indictment and entered pleas of guilty.

Before accepting their pleas the court carefully inquired of the appellants as to whether the pleas were made freely, voluntarily and understandingly; whether anyone had offered any inducement or made any promises to them in connection with such plea and whether they were coerced in any manner in connection with their pleas of guilty. In open court, after being fully advised of their rights and of the charges pending against them, the appellants separately executed written waivers of prosecution by indictment and consented that the charge against them be made by information instead of indictment.[3] The district judge carefully and cautiously advised the defendants as to the nature of their actions in orally informing the court of their desire to waive indictment and a jury trial. Both appellants assured the court that they thoroughly understood the nature of the proceedings and what they were doing. Prior thereto the court informed them of their right to an attorney and the fact that the court would appoint an attorney for them if they were unable financially to procure their own attorneys. Both appellants declined the services of an attorney and clearly advised the court of their desire to waive indictment and to proceed. When the waiver forms were handed to the defendants, the assistant district attorney stated, "you may sign on the first line if that is your desire." The record further shows that the defendants had previously been furnished with a copy of the information. The information is uncomplicated and is simple in terms. Both assured the court that they were thoroughly familiar with the information and had been furnished a copy of it previously. At this point in the proceedings the district attorney

3. The written waivers both identical, were signed, witnessed and filed in open court, and provide:

"Reynold Dean McCarty, the above named defendant, who is accused of violating Section 2312, Title 18, United States Code (Interstate Transportation of a Stolen Motor Vehicle), being advised of the nature of the charge and of his rights, hereby waives in open court prosecution by indictment and consents that the proceeding may be by information instead of by indictment."

read the charges to them. Before the court would accept their pleas of guilty the court made the following inquiry:

"THE COURT: I am addressing these questions to each one of you and want an individual answer from each of you. Upon your individual pleas of guilty to the charge, do you realize it is a serious offense?"

Both appellants answered in the affirmative. The court proceeded further to inquire whether the pleas by each were freely and voluntarily made. Affirmative answers were given. The appellants also assured the court that no one had offered them any inducement or promised them anything in exchange for the guilty pleas.[4]

After the foregoing proceedings had transpired the court informed the appellants that upon their pleas of guilty they were adjudged to be guilty, but informed them that sentencing would be deferred until a presentence report was received. Appellant McCarty stated to the court: "We would like to ask if you could have this presentence investigation either a speedy one or waive, (sic) which I have seen done in the past. I don't know if your court does this." The court declined to impose sentence at that time but informed the appellants he would be glad to instruct the probation officer to proceed with all possible speed in order to get the presentence report prepared. The court assured them that they would be notified and brought back for sentencing as soon as the presentence report was available.

Notwithstanding the foregoing proceedings, the appellants told a different story when they were called for sentencing on January 18, 1967. At that time they informed the court of their desire to have an attorney appointed for them and to withdraw their pleas of guilty and enter pleas of not guilty. After some exchanges of conversation between the court and the appellants, the court appointed Mr. Thompson to confer with the defendants and advise them with respect to the proceedings. The hearing was recessed in order to allow counsel to confer with the appellants. After the conference the court reconvened, and among other things counsel stated to the court the following:

"They advise me that they feel that they have been denied some of their rights, not by any federal officers, but after the federal officers delivered them to the Hinds County jail."

* * * * * *

"They don't have any complaint to make against any federal officer, they advise me. They have been treated all right, as far as that part is concerned, but they do complain about the treatment they received at the hands of the deputy sheriff in the jail in Hinds County. They have not had an opportunity to talk to anybody and they have repeatedly requested it, and they say the commissioner there when they were committed advised them that they would be able to have a telephone call."

Both appellants and Evans were put on the witness stand and thoroughly examined by their counsel. They were allowed to explain fully to the court all of their contentions. These two appellants made no claim of personal mistreatment either by state or federal authorities, either before or after the entry of pleas of guilty. They did testify to some personal mistreatment of Evans at the time of arrest. It was claimed that he was struck by a state officer on the wrist with a backjack. It was also asserted that after the pleas of guilty, Evans was mistreated in some other respects by the Hinds County jailer.

4. At this stage in the proceedings Evans, who has dismissed his appeal, responded equivocally as to the inducement and promise question by saying, "Not on this charge." The district attorney then asked for permission to have Evans clarify what he meant. Whereupon Evans stated: "No, Sir, I wasn't promised anything." The court again inquired "You weren't promised anything?" Evans answered again, "No, Sir, not by the state or federal."

Although the testimony of the appellants is somewhat vague and uncertain as to the reasons why they desired to change their plea, we gather from a careful reading of their contentions that they asserted two reasons. The first is simply that they had decided that they wanted a jury trial and did not believe they could be convicted. They gave no explanation of why they thought they could not be convicted. Secondly, they insinuated that someone had assured them that certain state charges against them would be dropped, which they asserted had not been done as promised. This contention is clearly contrary to their assurances to the court when the guilty pleas were entered. In addition to the two reasons mentioned they complained about not being allowed to use the telephone. The deputy U. S. Marshal stated that the Commissioner had assured the appellants they would be allowed to make a telephone call when they appeared before him at the preliminary hearing and the jailer stated that he would arrange to permit such a call.

From the testimony of the deputy marshal and from other facts disclosed by the record it appears that some telephone calls were completed. The deputy marshal stated that he personally saw the appellants from 2 to 5 times a week while they were in the Hinds County jail and they made no complaints to him about not being able to use the telephone. As a matter of fact, Appellant Kirshberger testified that he called Western Union and "sent a telegram to Wichita to my girl friend", and he further testified that his "girl friend" did come to visit him and that she wrote to him several times a day. He also testified that the federal authorities cooperated with him in all respects.

The testimony presented at the hearing on January 18 clearly shows that any complaints the appellants had with respect to any claimed mistreatment related chiefly to food, making phone calls and similar matters, all of which occurred after the pleas of guilty were entered. On the contrary it is shown that they received a visit from a physician, were given medicine and were treated in a kindly manner by the federal officials.[5]

The testimony of the appellants with respect to the alleged state charges is rather vague and uncertain. It is not clearly shown who made the alleged promises, with respect to such charges, if any, or just what state charges may have been involved. The record indicates there may have been charges by the State of Mississippi, the State of Kansas and possibly some other state. In any event, we are firmly convinced that on two different occasions the court made careful inquiry of the appellants with respect to the guilty pleas and concluded that such pleas were freely, voluntarily and understandingly entered.

5. When the deputy marshal was placed on the witness stand counsel for the appellants objected on the ground they had no complaint against federal officials. The following is from the transcript:

"MR. THOMPSON: I want to interpose an objection to this gentleman testifying because we are not complaining about anything that he did. I think that either on the statement that these boys have made or anything that is pertinent to what they have said should be the sole thing that the Court would determine in passing on whether or not they would have the right to change their pleas. They could put Mr. Sutherland on, but they don't have anything but kindness to say about him and that is not what they have complained

of at all. Whether what they have said is sufficient or not is for the Court to determine."

&ast; &ast; &ast; &ast; &ast;

"BY MR. THOMPSON:
Q. Now, Mr. Kirshberger, you have heard the Court, giving you an opportunity to say under oath all that you would have to say in regard to any mistreatment of you or these other boys in the Hinds County Jail, where you were incarcerated after being delivered there by the U. S. Marshal. I understood you to say before, and if I am wrong I want to know, that while you were in the custody of the federal officers you had no trouble at all and no complaints to make?
A. No."

This conclusion was clearly supported by the facts. See Plaster v. United States, 381 F.2d 578, 580 (5 Cir. 1967). There is no absolute right to withdraw a guilty plea before the imposition of sentence, but the right to do so is within the sound discretion of the trial court. Unless that discretion is abused there should not be a reversal. DeLeon v. United States, supra; United States v. Washington, 341 F.2d 277, 281, 9 A.L.R.3d 448 (3 Cir. 1965).

The judgment is affirmed.