437 F.2d 1086
 UNITED STATES of America, Plaintiff-Appellee,
v.
William James BECKER, Defendant-Appellant.
No. 30734 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Jan. 25, 1971.
 
 James E. Yates, Savannah, Ga. (Court-appointed) for defendant-appellant.
 R. Jackson B. Smith, Jr., U.S. Atty., Richard C. Chadwick, Asst. U.S. Atty., Savannah, Ga., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 On this appeal, appellant complains of incompetency of his retained counsel, denial of his request to change his plea of guilty to that of not guilty, and failure of the district court to permit him his right of allocution before imposition of sentence.
 
 
 2
 A review of the record does not indicate that appellant's retained counsel was ineffective. See United States v. Rubin, 5 Cir., 1970, 433 F.2d 442 (decided Oct. 30, 1970); Odom v. United States, 5 Cir., 1967, 377 F.2d 853, 859. Neither was there an abuse of discretion by the district court in denying the appellant the right to withdraw his guilty plea before sentencing. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; Smith v. United States, 5 Cir., 1967, 378 F.2d 296.
 
 
 3
 As to the appellant's assertion that he was not permitted to speak in mitigation of his sentence before imposition thereof, we conclude that the district court committed error. The 1966 amendment to Rule 32(a)(1) of the Federal Rules of Criminal Procedure requires that the court, before imposing sentence, must afford an opportunity to the defendant personally to speak in his own behalf. The amendment also provides an opportunity for counsel to speak on behalf of the defendant. See Green v. United States, 1961, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670. The record in the case at hand shows that sentence was imposed immediately after disallowing appellant's motion to change his plea and without permitting defendant or his attorney to speak in mitigation of the sentence.
 
 
 4
 The sentence imposed by the district court is vacated, and the case is remanded for resentencing.