447 F.2d 976
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo ARREDONDO,.Defendant-Appellant.
No. 71-1851 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Sept. 8, 1971, Rehearing Denied Sept. 28, 1971.
 
 Oscar C. Gonzalez, Fred A. Semaan, San Antonio, Tex., for defendant-appellant.
 Anthony J. P. Farris, U.S. Atty., James R. Gough, Anthony C. Aguilar, Mary L. Sinderson, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant below appeals from a sentence of ten years in the federal penitentiary, imposed after his plea of guilty to an indictment charging him with failure to pay the transfer tax on a quantity of marihuana transported across the border from Mexico.
 
 
 2
 Appellant, along with Ramiro Yrlas, was originally indicted on a seven-count indictment charging them, in essence, with smuggling marihuana and heroin into the United States and failing to pay the tax thereon.
 
 
 3
 Prior to the indictment, and out of appellant's presence, Yrlas had been apprehended and found to be in possession of the marihuana. Entry had been made into appellant's room, and a white substance was found that appellant and customs agents believed to be heroin. At the examining trial on January 25, 1971, a customs agent testified that he ran a field test on the white substance and that, in his opinion, it was heroin.
 
 
 4
 On February 20, 1971, both defendants were arraigned on the tax count of the indictment and pled guilty. Appellant Arredondo, upon explanation by the court of the charge to which he was pleading, testified that he understood the nature of the charge, that he had committed the acts alleged, and that he understood the seriousness of the violation and the sentence provided by law. Moreover, he signed a waiver indicating that he understood that he had a complete defense to the charge under Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and, after consultation with his attorney, still wished to plead guilty and waive his defense.
 
 
 5
 Several days after appellant's plea, appellant and his attorney were apprised for the first time by the Government that the white substance found in appellant's room was not heroin, but was, in fact, procaine.
 
 
 6
 Appellant made a motion before sentencing to withdraw his plea of guilty based on his mistake in believing the white substance in his possession to be heroin. After a hearing, the district court denied the motion.
 
 
 7
 Rule 32(d) of the Federal Rules of Criminal Procedure provides:
 
 
 8
 A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
 
 
 9
 Appellant contends that before sentencing Rule 32(d) requires the district court to grant a motion to withdraw his plea. This contention ignores this Court's holding in Kirshberger v. United States, 5th Cir. 1968, 392 F.2d 782.
 
 
 10
 There is no absolute right to withdraw a guilty plea before the imposition of sentence, but the right to do so is within the sound discretion of the trial court.
 
 
 11
 392 F.2d, at 787.
 
 
 12
 Appellant also contends that the district court's denial of his motion was an abuse of discretion because it is undisputed that his guilty plea was the result of a mistake of fact. Cases on this point have uniformly held that withdrawal of a plea should be allowed where the defendant is mistaken as to his legal rights in regard to the change to which he is pleading. De Leon v. United States, 5th Cir. 1966, 355 F.2d 286; Leonard v. United States, 5th Cir. 1956, 231 F.2d 588; United States v. Davis, 7th Cir. 1954, 212 F.2d 264; Bergen v. United States, 8th Cir. 1944, 145 F.2d 181. Appellant's argument, however, goes further. He contends that because of his mistake as to the substance of another, unrelated count in the indictment, to which he was not entering a plea or being arraigned, he should be permitted to withdraw his plea of guilty to a separate and unconnected charge. We find no merit in this contention, and therefore
 
 
 13
 Affirm.