**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Rene VALDEZ, Defendant-Appellant.**

**No. 30554.**

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1971.

Shaya Estrumsa, Miami, Fla. (court appointed) for Roca-Alvarez.

Gino P. Negretti, Miami, Fla., for Valdez.

Robert W. Rust, U. S. Atty., Neal R. Sonnett, Harold F. Keefe, Asst. U. S. Attys., Miami, Fla., for plaintiff appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In this appeal the sole issue is whether the trial judge abused his discretion in denying Valdez' motion to withdraw his plea of guilty just prior to sentencing. We affirm.

On July 9, 1970, Valdez was arraigned and entered a plea of not guilty to an indictment involving narcotics violations. On August 18, 1970, Valdez, through his counsel, changed his plea to guilty to one count of the indictment. He stated that he understood the charges against him and that he voluntarily desired to enter a plea of guilty. At sentencing on September 24, 1970, his counsel requested a continuance because Valdez was not sure whether he wanted to plead guilty and wanted more time to make up his mind. The trial court treated this request as a motion to withdraw the plea of guilty and denied the motion on the ground that a sufficient showing had not been made for the withdrawal of the plea.

Valdez argues that Fed.R.Crim.P. 32 (d) should be liberally construed and that a motion to withdraw a plea of guilty prior to sentencing should be granted if for any reason the motion seems fair and just. Kercheval v. United States, 1927, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009. A liberal construction of the rule does not, however, withdraw its application from the discretionary realm. United States v. Arredondo, 5 Cir. 1971, 447 F.2d 976; Kirshberger v. United Staates, 5 Cir. 1968, 392 F.2d 782, 787.

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

Valdez relies upon DeLeon v. United States, 5 Cir. 1966, 355 F.2d 286. But the abuse of discretion there found was premised upon the appellant's claim that he did not understand the charge when he originally entered his guilty plea. Here Valdez offers no reason apart from his indecisiveness nor does he attack the validity of his guilty plea.

We cannot say, under these circumstances, that the denial of the motion was an abuse of discretion. *See* United States v. McDaniel, 5 Cir. 1970, 425 F.2d 813; Bell v. United States, 5 Cir. 1969, 412 F.2d 773.

The judgment of the district court is affirmed.