UNITED STATES of America,
Plaintiff-Appellee,

v.

George Elwell HOUGH,
Defendant-Appellant.

Nos. 76–2550, 76–2779.

United States Court of Appeals,
Fifth Circuit.

Oct. 19, 1977.

Rehearing and Rehearing En Banc
Denied Nov. 21, 1977.

Joseph S. Chagra, El Paso, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, John M. Pinckney, III, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GODBOLD, SIMPSON and GEE, Circuit Judges.

GEE, Circuit Judge:

■ Defendant Hough appeals the district court's refusal to permit him to withdraw a guilty plea. The law is settled that such requests are addressed to the trial court's sound discretion. *See, e. g., United States v. Arredondo,* 447 F.2d 976 (5th Cir. 1971), a case similar to this.

The asserted basis for Hough's request was the delivery, after his plea but before he was sentenced, of this court's opinion in *United States v. Oviedo,* 525 F.2d 881 (1976). In ruling on his request, the district court discussed it and *Oviedo*:

Count I of the four-count indictment under which defendant was charged accused him of knowingly, willfully and intentionally attempting to possess with intent to distribute Cocaine, a Schedule II narcotic controlled substance. Defendant, a DEA agent, pleaded guilty to this count in return for the government's agreement to move for dismissal of Counts II, III and IV of the indictment at the time of sentencing. The court has reviewed the transcript of the proceedings in which defendant entered his guilty plea and reiterates its finding that the plea was made voluntarily with a full understanding of the possible consequences.

Subsequent to defendant's entering the above plea, but prior to determination and imposition of sentence, the United States Court of Appeals for the Fifth Circuit rendered its decision in *United States v. Oviedo,* 525 F.2d 881 (5 Cir. 1976). *Oviedo* held that when a defendant sold a substance thought to be heroin, which in reality was procaine, a noncontrolled substance, no criminal offense was

stated *absent other objective acts unequivocally corroborative of criminal intent.* In *Oviedo*, the defendant claimed he knew the substance in question was not heroin, though the jury chose to believe otherwise. The only objective facts marking the defendant's conduct as criminal in nature were (1) Oviedo's statement to an undercover agent that the substance he was selling was heroin, and (2) presence of portions of the substance in a television set. The court found, as an evidentiary matter, that there was insufficient indication that Oviedo intended to commit a crime. The *Oviedo* court specifically distinguished *United States v. Mandujano,* 499 F.2d 370 (5 Cir. 1974). There, the objective facts found to be unequivocally corroborative of criminal intent were the defendant's act of taking money and his personal statements that he would purchase heroin with that money. There were no other facts that rendered these acts equivocal.

In the instant case, the government stated at arraignment that it was prepared to prove the following facts:

> The evidence would show that Mr. Hough thought the substance that he possessed was, in fact, cocaine, a Schedule II narcotic controlled substance, and that on the 8th day of June, 1975, in the El Paso Division of the Western District of Texas, Mr. Hough met with an undercover agent of the United States Customs Service, an agent by the name of DeLand here in El Paso and negotiated for the sale of the substance that he possessed and continued to possess on June 8, 1975, believing that it was cocaine, a Schedule II narcotic controlled substance when, in fact, the substance that he obtained and possessed and negotiated to distribute with Agent DeLand was simulated cocaine substance.

The court then quizzed the defendant as follows:

> "THE COURT: Mr. Hough, did you listen to what Mr. Pinckney just told me?
>
> MR. HOUGH: Yes, Your Honor, I did.
>
> THE COURT: Is what he said true?
>
> MR. HOUGH: Yes, Your Honor.
>
> THE COURT: Did you do those things that he said you did?
>
> MR. HOUGH: Yes, Your Honor."

Transcript of Arraignment of George Elwell Hough, October 7, 1975, at 18–19.

If the only fact on this record were Hough's negotiation for sale of a non-narcotic substance, *Oviedo* would compel the court to grant the defendant's motion to vacate his guilty plea. There is also present, however, an objective fact which is unequivocally corroborative of criminal intent: Hough's statement, under oath and before a court of law, that he did in fact do those things that the Assistant United States Attorney recited (i. e., negotiated for sale of a substance he admittedly thought to be cocaine).

In *Oviedo,* the facts from which criminal intent was inferred were equivocal in nature; in *Mandujano,* the objective facts corroborating criminal intent were unequivocal. In the instant case there are two pertinent facts, one of which is equivocal (the presence of procaine rather than a controlled substance) and one of which is unequivocal (defendant's admission, under oath, that he thought the substance at issue was in fact a controlled substance). The question then becomes whether Hough's in-court admission, under oath, is sufficiently corroborative of criminal intent to mark his act as criminal in nature.

The court finds that it is. The *Oviedo* court's concern was that the jury had found criminal intent based solely on acts consistent with a noncriminal enterprise. 525 F.2d at 886. Had another objective fact been present, such as the confession of the defendant to a police officer under oath after proper *Miranda* warnings, the *Oviedo* verdict would undoubtedly have withstood appellate scrutiny. See *United States v. Mandujano, supra.* Certainly an in-court admission is as corroborative of criminal intent as an out-of-court confession, the taking of money, or the defendant's unsworn personal statements

that he would purchase a narcotic with that money. See 525 F.2d at 886.

■ Hough's reliance on *Oviedo* is misplaced. That decision is a narrow one, resting in great part on the court's apprehensions of baseless jury speculation about intent where defendant's objective acts are equivocal.[1] As that opinion makes clear, it is essentially a pronouncement about what sort of objective evidence must support a fact-finding of criminal intent where an uncontrolled substance is passed off as a controlled one.[2] As such, it neither had nor could reasonably have been thought by Hough to have had any bearing on the facts of his case. For in Hough's case his criminal intent was not disputed: he admitted it in the sworn testimony set out above.

AFFIRMED.

SIMPSON, Circuit Judge, dissenting:

With deference I dissent.

Rule 32(d) of the Federal Rules of Criminal Procedure[1] is construed liberally in favor of the accused when a motion to withdraw a guilty plea is made before imposition of sentence. We observed in *United States v. Presley,* 478 F.2d 163, 166–167 (5 Cir. 1973):

"This rule does not confer an absolute right to withdraw a plea of guilty or nolo contendere before the imposition of sentence, but leaves to the sound discretion of the trial judge the decision whether a defendant has met his burden of showing adequate cause for permitting withdrawal of the plea, as we have held in a number of cases. *United States v. Valdez,* 5 Cir. 1971, 450 F.2d 1145; *United States v. Arredondo,* 5 Cir. 1971, 447 F.2d

976; *Kirshberger v. United States,* 5 Cir. 1968, 392 F.2d 782. We have adhered nonetheless to the general principle that Rule 32(d) should be construed liberally in favor of the accused when a motion is made to withdraw before sentence is imposed. *Kirshberger v. United States,* supra, at 784, and cases cited therein. The right of jury trial is involved and that right has long held a favored place in our law.

"As the rule itself implies, there is a different standard for granting the motion prior to sentencing as compared to after sentencing. Wrote Chief Judge Haynsworth of the Fourth Circuit in *United States v. Roland,* 4 Cir. 1963, 318 F.2d 406, 409:

"'Such motions before sentence should be allowed with great liberality, but after judgment and the imposition of the sentence, the Rule gives the Court the power to grant such a motion if such action appears to be necessary "to correct manifest injustice." '"

The denial of the motion to withdraw the guilty plea in this case was in my judgment an abuse of discretion.

Appellant was charged under a four count indictment. On October 7, 1975, he entered a plea of guilty to Count One of the indictment which charged that he knowingly, wilfully and intentionally attempted to possess unlawfully with intent to distribute a quantity of cocaine, a Schedule II narcotic controlled substance, contrary to Title 21, U.S.Code, § 841(a) (1) in violation of Title 21, U.S.Code, § 846. Sentence was deferred and Hough was permitted to remain at large pending the imposition of sentence.

---

1. As Judge Godbold, a member of the *Oviedo* court noted, writing recently for the court in *United states v. Korn,* 557 F.2d 1089 (5th Cir. 1977) [No. 76–3848]:

"... What the court did in *Oviedo* was to require that the objective acts of the defendant, taken as a whole, strongly corroborate the required culpability."

2. "[I]f we convict the defendant of attempting to sell heroin for the sale of a non-narcotic substance, we eliminate an objective element that has major evidentiary significance and we increase the risk of mistaken conclusions that

the defendant believed the goods were narcotics." *United States v. Oviedo,* 525 F.2d, at 885.

1. Criminal Rule 32(d) provides:

"Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

It was disclosed at the hearing on October 7 that the guilty plea to Count One was entered by Hough against the advice of his counsel that he should go to trial, and was entered pursuant to an agreement by the U. S. Attorney to dismiss Counts Two, Three and Four of the indictment at the time of sentence. The government attorney in stating the facts underlying the offense brought out that while Hough thought that the substance he possessed and intended to distribute was cocaine, a Schedule II narcotic controlled substance, it was in truth a "simulated controlled substance". Hough told the trial judge under oath that this was correct.

Our decision in *United States v. Oviedo,* 525 F.2d 881 (5 Cir. 1976) was handed down January 12, 1976, prior to sentence. On February 9, 1976, still prior to sentence, Hough's counsel filed with the court a written motion to withdraw the plea of guilty. In addition to stating that at the time he tendered the plea Hough was under severe emotional and financial strain trying to ar-

range for support of his seven children, and that he acted against the advice of counsel, the motion was based in large part on the assertion that the *Oviedo* holding[2] on almost identical facts provided the defendant with a meritorious defense to the charge to which he had plead guilty.

The motion was denied April 19, 1976 upon grounds quoted by the majority opinion.

The majority opinion concludes that "Hough's reliance on *Oviedo* is misplaced", emphasizing that Hough's admission under oath is "an objective fact which is unequivocally corroborative of criminal intent". As we have recently explained, "[w]hat the court did in *Oviedo* was to require that the objective acts of the defendant, *taken as a whole,* strongly corroborate the required culpability". *United States v. Korn,* 557 F.2d 1089, 1091 (5th Cir. 1977) (emphasis added) [No. 76–3848, decided Aug. 15, 1977]. I fail to see how Hough's testimony "unequivocally" corroborates his criminal intent when his acts are considered "as a

2. In *Oviedo* the substance sold to an undercover agent as heroin was shown upon chemical analysis to be an uncontrolled substance, procaine hydrochloride, and the defendant was charged with an attempt to distribute heroin. *Oviedo* testified at trial that he knew the substance was not heroin and that he was merely attempting to "rip off" the agent, an easy way to pocket a few thousand dollars. The court instructed the jury that they could find Oviedo guilty of attempted distribution if they found that he delivered the substance thinking it to be heroin. The jury rejected Oviedo's claimed knowledge of the true nature of the substance and returned a guilty verdict. This court reversed the judgment and conviction, stating in pertinent part:

"When the defendant sells a substance which is actually heroin, it is reasonable to infer that he knew the physical nature of the substance, and to place on him the burden of dispelling that inference. *United States v. Moser,* 7 Cir. 1975, 509 F.2d 1089, 1092; *United States v. Joly,* 2 Cir. 1974, 493 F.2d 672, 676. However, if we convict the defendant of attempting to sell heroin for the sale of a nonnarcotic substance, we eliminate an objective element that has major evidentiary significance and we increase the risk of mistaken conclusions that the defendant believed the goods were narcotics.

"Thus, we demand that in order for a defendant to be guilty of a criminal attempt, the

objective acts performed, without any reliance on the accompanying *mens rea,* mark the defendant's conduct as criminal in nature. The acts should be unique rather than so commonplace that they are engaged in by persons not in violation of the law.

"Here we have only two objective facts. First, Oviedo told the agent that the substance he was selling was heroin, and second, portions of the substance were concealed in a television set. If another objective fact were present, if the substance were heroin, we would have a strong objective basis for the determination of criminal intent and conduct consistent and supportive of that intent. The test set out above would be met, and, absent a delivery, the criminal attempt would be established. But when this objective basis for the determination of intent is removed, when the substance is not heroin, the conduct becomes ambivalent, and we are left with a sufficiency-of-the-evidence determination of intent rejected in the preparation—attempt dichotomy. We cannot conclude that the objective acts of Oviedo apart from any indirect evidence of intent mark his conduct as criminal in nature. Rather, those acts are consistent with a noncriminal enterprise. Therefore, we will not allow the jury's determination of Oviedo's intent to form the sole basis of a criminal offense."

whole". Hough's admission was not a contemporaneous declaration but was made long after the transaction in question as part of a bargain with the prosecution. Furthermore, the circumstances surrounding the guilty plea suggest that it was motivated more by considerations of convenience than by a desire to establish the truth. Consequently, it is presumptuous for this court to assert that Hough's intent is not in dispute because "he admitted it in the sworn testimony" given at the guilty plea hearing. Under the circumstances, that testimony cannot realistically be viewed as dispositive of the issue of intent, especially where the result is to deny Hough the opportunity to have his case tried before a jury.

I am persuaded that both the district court and the majority fall into error when they try to make nice distinctions based on the slightly different facts in *Oviedo* and the case before us. If Hough is permitted to go to trial upon a plea of not guilty, none of his statements or admissions to the court would be admissible against him, except for impeachment. See Federal Rules of Criminal Procedure, Rule 11(e)(6), Federal Rules of Evidence, Rule 410. Without his statement that he thought the substance he sold the agent was cocaine, the facts the government can prove in this case bring it very close to the facts in *Oviedo*. Government counsel at oral argument stressed that Hough's statement at the plea session—that he believed the substance to be cocaine,— was under oath and subject to prosecution for perjury. This was also thought significant by the trial court, and by the majority of this panel. Speculation as to prosecution for perjury is looking too far into the future. At a trial, Hough may choose not to take the stand. Various other speculations may be indulged in, all to as little purpose as those of the trial court adopted by the majority. It is conceivable that after further consideration of the effect of *Oviedo*, the government may reach a decision not to try Hough. If a trial is held, the government would necessarily have to take the

position, under *Oviedo*, that Hough was unaware of the true nature of the substance he possessed and distributed. This would be an affirmation, not a disavowal, of Hough's sworn statement at the guilty plea proceedings. It would be anomalous for the United States thereafter to turn around and try to prove, in a perjury trial, that Hough's sworn statement at the time he plead guilty was untrue.

Our decision in this case should be governed by *United States v. Presley, supra.* We held in *Presley* that where, prior to the sentencing of the defendants under *nolo contendere* pleas to charges of violating 18 U.S.Code, § 1952, the Supreme Court[3] interpreted that interstate gambling statute as not applicable if the interstate activity involved was purely incidental, the defendants might be able to persuade the court that their gambling activities were governed by that decision, or that they would be entitled at least to have the nature and extent of their activities submitted to a jury under an instruction based on the *Rewis* case. We noted that the *Presley* defendants raised the issue by motion to withdraw as soon as the defense became available, before imposition of sentence, and that no substantial prejudice to the government was shown by reliance upon the defendants' *nolo contendere* pleas. We directed in *Presley* that the defendants be permitted to withdraw their pleas of *nolo contendere* and go to trial on pleas of not guilty.

Surprisingly, neither the district court order appealed from, nor the majority opinion discusses the applicable standards for setting aside pleas of guilty or *nolo contendere,* as explicated in *Presley* and our other decisions. The standard adopted seems to be no more than an *ad hoc* judicial guess as to the outcome of a trial.

It was not the function of the trial court here nor is it our function on appeal to attempt to forecast whether Hough will ultimately be successful in bringing himself under the *Oviedo* holding. That should not concern us at this juncture. The point is that he is entitled to try to do so.

3. In *Rewis v. United States,* 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493.

I would reverse the trial court and direct that the appellant be permitted to go to trial on a plea of not guilty.