Ricardo **SEENEY**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 87–1162.

District of Columbia Court of Appeals.

Argued May 18, 1989.
Decided Sept. 13, 1989.

at the hearing, "And simply to keep matters moving smoothly, we went along with him and let him transfer the funds."

Mindy A. Daniels, appointed by the court, for appellant.

Bruce Delaplaine, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty. at the time the brief was filed, and Ronald Dixon, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before FERREN and BELSON, Associate Judges, and GALLAGHER, Senior Judge.

BELSON, Associate Judge:

A jury convicted appellant Ricardo Seeney of first-degree murder while armed, D.C.Code §§ 22–2401 (1981), 22–3202 (1981 & 1988 Supp.), attempted possession of phencyclidine (PCP) with intent to distribute, D.C.Code §§ 33–541(a)(1), 33–549 (1988 Repl.), and carrying a pistol without a license, D.C.Code § 22–3204 (1981).[1] He appeals from those convictions, arguing that the trial court failed to admonish the jurors adequately on how to conduct themselves when the jury separated, and that the government produced insufficient evidence to convict him of attempted possession with intent to distribute PCP because there was no showing of a usable amount of the drug.[2] Finding appellant's arguments unpersuasive, we affirm.

According to the government's evidence, appellant approached a car as it entered a drug selling locale, shouting to its two occupants words that denoted that he was selling drugs. After the beginnings of a transaction, appellant shot one of the occupants of the car. The other managed to drive off. The drugs that were the subject of the incipient transaction were never recovered.

■ We address first appellant's contention that the trial court did not admonish the jury sufficiently or frequently enough to avoid discussing the case during recesses of the trial, and in particular failed to instruct them to avoid discussing the case with family and friends when they were at home. The record does not support this argument. The trial court's first instruction to the jurors immediately following their selection was a thorough and compelling admonition about how they were to behave on every occasion they separated as a jury. The court told the jury explicitly that the admonition would apply each time they separated; in addition, it reminded the jurors in a general way of its initial instructions every time it dismissed them. Because defense counsel raised no objection at trial, we review for plain error and find none. *Watts v. United States*, 362 A.2d 706 (D.C.1976) (*en banc*). While the better practice would be to repeat the admonition, at least briefly, before overnight recesses and especially at the start of a weekend,

---

1. Two other charges were dismissed on the government's motion at sentencing because the courtroom clerk had failed to ask the jury whether it had reached a verdict on those charges.

2. Appellant also raises the following arguments: that there was insufficient evidence to support the first-degree murder conviction; that the court abused its discretion by permitting a government witness to testify that he had seen appellant with a weapon similar to that used in the charged killing; and that defense counsel should have been allowed to impeach a government witness with a prior false statement. We have reviewed these contentions and find them unpersuasive.

our evaluation of this particular record persuades us that appellant has fallen far short of demonstrating plain error.

We turn next to appellant's argument that the government cannot prove attempted possession of PCP with intent to distribute without expert testimony that the substance in question was indeed PCP. It is undisputed that in order to prove the *completed* crime of illegal possession of a specified controlled substance, the government must prove that the substance possessed was, in fact, the controlled substance in question. *Edelin v. United States*, 227 A.2d 395, 399 (D.C.1967); *see also Wishop v. United States*, 531 A.2d 1005, 1007 (D.C.1987) (usability for narcotic effect an element of crime of illegal distribution of controlled substance). However, there is no such requirement when the charge is an attempt. Nor, contrary to appellant's argument, is impossibility a defense to a charge of attempted possession with intent to distribute.

Attempted possession of a controlled substance with intent to distribute is a statutory crime in this jurisdiction as it is under federal law, and attempted narcotics offenses are prohibited by a special attempt statute rather than by the general attempt statute. *Compare* D.C.Code § 33–549 *with* D.C.Code § 22–103 (1988 Supp.). The federal analogue is found at 21 U.S.C. § 846 (1989 Supp.).[3] Congress intended that the common law defense of impossibility should not be available to one charged with the federal crime upon which our prohibition is patterned. *United States v. Everett*, 700 F.2d 900, 907 (3d Cir.1983). *See also United States v. Johnson*, 767 F.2d 673, 675 (10th Cir.1985) (adequate proof of intent to commit a given crime defeats impossibility defense); *United States v. Pennell*, 737 F.2d 521, 525 (6th Cir.1984) (following *Everett*, court rejected impossibility defense to charge of attempted possession with intent to distribute cocaine); *United States v. Reeves*, 794 F.2d 1101 (6th Cir.), *cert. denied*, 479 U.S. 963, 107 S.Ct. 463, 93 L.Ed.2d 408 (1986) (that

defendant believed he was participating in cocaine transaction sufficient to support attempt conviction). Accordingly, we hold likewise that the defense of impossibility is not available to one charged with the crime of attempted possession with intent to distribute controlled substances under the District of Columbia Code. It follows from that holding that it is not essential for the government to prove usability in order to establish an attempt to possess an illegal substance with intent to distribute it under the District of Columbia Code.

Unlike the situation in *Everett*, where the substance involved was demonstrated not to be a controlled substance, 700 F.2d at 901, impossibility was not actually put in issue in this case. What the appellant is arguing here is that without expert testimony it is impossible for the government to prove that appellant possessed PCP, not that it was factually impossible under the circumstances for appellant to commit the offense. Indeed, appellant himself testified that he was selling PCP.

Regarding the nature of the substance possessed, this court has held that the government must show more than a defendant's subjective intention to possess a particular illegal substance in order to prove *actual* possession of a controlled substance. *Singley v. United States*, 533 A.2d 245, 248 (D.C.1987). In order to prove actual possession, the government must prove that the substance possessed was in fact the proscribed substance. With respect to the offense of *attempted* possession with intent to distribute, however, we hold it is not necessary to establish that the substance a defendant attempted to possess was the proscribed substance. The government must establish conduct by the defendant that is reasonably adapted to the accomplishment of the crime of possession of the proscribed substance, and the requisite criminal intent.

Where a defendant's acts are of themselves commonplace or equivocal, and are as consistent with innocent activity as they are with criminal, it will be necessary

---

3. Committee on the Judiciary, Report to District of Columbia Council on Bill 4–123, The "District of Columbia Controlled Substances Act of 1981," at 6 (1981).

for the government to adduce objective facts to establish criminal intent.[4] Appellant's own testimony about what he was trying to do at the time of the alleged offense provided objective support for the finding of intent in this case. *See United States v. Everett,* 700 F.2d 900, 909 and n. 19 (3rd Cir.1983) *(quoting United States v. Hough,* 561 F.2d 594, 595–96 (5th Cir.1977) (in court admission, like a confession, objective fact justifying conviction)). Thus, in the instant case the government made a sufficient showing to convict appellant of the offense of attempted possession with intent to distribute PCP.

*Affirmed.*

---

**4.** Here, appellant's acts were hardly equivocal. He approached a car that entered an area known for drug transactions, and called out words indicative of offering narcotics for sale.