Bernard Cyril **MEATON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 20399.

United States Court of Appeals
Fifth Circuit.

March 3, 1964.

Morison Buck, Tampa, Fla., for appellant.

Arnold D. Levine, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

PER CURIAM:

The appellant was charged by a five-count indictment with a mail fraud offense. On October 12, 1962, he entered a plea of not guilty. On December 10, 1962, the case was ready for trial with a number of witnesses present pursuant to subpoena. The appellant, with counsel and upon advice of counsel, entered a plea of guilty. He was questioned by the court in order to determine whether the plea was voluntary. A postal inspector related the facts as shown by the investigation of the Post Office Department. The appellant stated that he would accept the statement.

Two days later the court was informed that the appellant then desired to withdraw his plea of guilty and enter a plea of not guilty. His reason, as stated to the court, was that "I was not told that probation means loss of citizenship, loss of voting rights, loss of getting a passport, and that I couldn't leave this area." It was brought out that, prior to the tender of the plea of guilty, the appellant had been informed by his attorney that if he pled guilty he could be sentenced to five years in prison, and that he would have a criminal record. He had not been informed that as a convicted felon he would be deprived of some of the privileges of citizenship such as voting and foreign travel. Later on in his colloquy with the court, the appellant stated that he was not guilty because of the absence of any intent to defraud.

A formal motion was filed seeking leave to withdraw the plea of guilty, to which was annexed an affidavit of the appellant stating that at the time he entered a plea of guilty he confidently expected probation. Nothing had been said to the appellant by Government counsel or his own that could form a basis for such an expectation. The court denied the motion and imposed an eighteen-month sentence, from which this appeal has been taken. Three specifications of error are assigned on the appeal; first, that it was error not to permit the withdrawal of the plea of guilty; second, that the warrant and all subsequent proceedings were invalid because the warrant did not describe the offense charged in the indictment; and third, that it was error to deny the appellant's motion to inspect the grand jury minutes. Holding, as we do, against the appellant's contention on the first issue, we need not consider the other two propositions.

■ The provisions of Rule 32(d), Fed.Rules Crim.Proc. 18 U.S.C.A. permitting the withdrawal of a plea of guilty before sentence are to be construed and applied liberally, but the withdrawal of a guilty plea is not a matter of right. It is a matter of discretion and the district court's ruling will not be set aside in the absence of an abuse of discretion.

■ The appellant, advised by competent counsel and questioned by the court, entered his plea of guilty with full knowledge of the effect and consequences of the plea. The plea was made without the presence of any circumstance of coercion, fear or inadvertence. The appel-

lant knew that a prison sentence might be imposed. There was no abuse of discretion in the refusal of the court to grant leave to withdraw the plea of guilty because the appellant failed to understand the collateral effects such as the loss of civic rights. The district court, having heard the statement of the postal inspector, was apparently not impressed with the good faith of the appellant's disclaimer of intent to defraud. Neither are we. The judgment and sentence of the district court are

Affirmed.