UNITED STATES of America,
Plaintiff-Appellee,

v.

Jack SIMMONS, Jr., Defendant-
Appellant.

No. 74-1173
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 12, 1974.

Rehearing Denied Aug 8, 1974.

R. Wayne Nunnally, Norfolk, Va., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., John F. Conroy, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

GOLDBERG, Circuit Judge:

Appellant, Jack Simmons, Jr., was indicted on fifteen counts of violating the involuntary servitude and peonage statutes.[1] On November 13, 1972, the

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. 18 U.S.C. §§ 1584 and 1581(a).

§ 1584. Sale into involuntary servitude

Whoever knowingly and willfully holds to involuntary servitude or sells into any condition of involuntary servitude, any other person for any term, or brings within the United States any person so held, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

§ 1581. Peonage; obstructing enforcement

(a) Whoever holds or returns any person to a condition of peonage, or arrests any person with the intent of placing him in or returning him to a condition of peonage, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

The truncated record on appeal reveals little about the specific charges in the indictment.

day his case was set for trial, appellant entered a plea of guilty to two counts of the indictment. After careful questioning pursuant to Rule 11, Fed.R.Crim.P., the district court found that appellant's plea was freely, intelligently, and voluntarily made. On April 6, 1973, when he was called forward to be sentenced, appellant, through his attorney Angus Harriett, moved to withdraw his guilty plea.[2] After a full hearing on April 16, 1973, the court denied the motion. On January 3, 1974, the court sentenced appellant to four years imprisonment on each of the two counts to which he had pleaded guilty, the sentences to run concurrently. On this appeal we have been asked to reverse the order of the district court denying appellant's motion to withdraw his guilty plea. We decline.

■ Appellant bases his claim for relief on Rule 32(d), Fed.R.Crim.P., which provides:

A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

It is the well-settled rule in this Circuit that, even prior to the imposition of sentence, an accused has no absolute right to withdraw a guilty plea, and that the grant or denial of such a motion is within the sound discretion of the trial court. United States v. Valdez, 5 Cir.

1971, 450 F.2d 1145; United States v. Arredondo, 5 Cir. 1971, 447 F.2d 976, cert. denied, 404 U.S. 1026, 92 S.Ct. 683, 30 L.Ed.2d 676; Kirshberger v. United States, 5 Cir. 1968, 392 F.2d 782.

■ Conceding that discretion rests with the trial judge, appellant urges that Rule 32(d) should, nevertheless, be liberally construed; and he has mustered formidable authority to support his contention. Almost fifty years ago the Supreme Court declared that "[t]he court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just." Kercheval v. United States, 1927, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009. The rationale for such a policy is that the public interest in protecting a defendant's right to trial by jury usually outweighs any inconvenience that the court or the prosecution is likely to suffer as a result of a withdrawn plea prior to sentencing. *See* Kadwell v. United States, 9 Cir. 1963, 315 F.2d 667.[3] Noting these considerations, Professor Wright has proposed that courts allow pre-sentencing withdrawals of guilty pleas virtually as a matter of course "unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea." 2 C. Wright, Federal Practice and Procedure, Criminal § 538, at 474–75 (1969). In United States v. Presley, 5 Cir. 1973, 478 F.2d 163, 167, we noted our adherence to "the general principle that Rule 32(d) should

---

The transcript of the Rule 11 proceeding, however, indicates that the charges arose out of appellant's operation of a migrant farm labor camp at Pomona Park, Florida. There was testimony to the effect that workers recruited by appellant were forced at gunpoint to return to the camp and "work off" money allegedly owed to appellant.

2. Rutledge Liles, an attorney who had been employed as trial counsel only, refused to join in the motion; Liles sought and was granted permission to withdraw as counsel in the case.

3. The Court in *Kadwell* contrasted the public interest in freely granting pre-sentencing motions to change pleas with the factors involved in considering post-sentencing motions:

But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process.

315 F.2d at 670.

be construed liberally in favor of the accused when a motion is made to withdraw before sentence is imposed."

■ Appellant's statement of the law is very persuasive. Unfortunately for him, even under the most enlightened application of Rule 32(d), the facts of his case do not justify the conclusion that the district court erred in refusing to permit the guilty plea to be withdrawn. First, in recommending a guilty plea appellant's counsel made no representation to him that any deal had been made, but merely expressed his opinion that appellant would receive only a probated sentence. Only after appellant's brother Willie Simmons—who had pleaded guilty to one count of a similar indictment and who appeared with appellant for sentencing—was sentenced to four years imprisonment, did appellant move to withdraw his guilty plea.[4] To have granted the motion under these circumstances would have been to permit appellant to use the guilty plea as a means of testing the weight of the potential sentence—a primary policy ground for denying plea changes. *See* footnote 3, *supra*.

Another important factor supporting the trial court's order in this case is the likelihood of substantial prejudice to the prosecution. In issuing its order, the district court made the finding that, as of the day the case was set for trial:

At great expense and with considerable difficulty the Government had secured the presence of sufficient witnesses to go to trial on seven of the fifteen counts charged in the indictment. Most of the witnesses were transients who had been difficult to locate. Subsequently, in reliance upon the guilty plea, the Government released and no longer maintained contact with these witnesses.

Locating those witnesses again would be extremely onerous and, in many cases, perhaps impossible.

■ Finally, appellant's argument that the court should have granted his motion because he is functionally illiterate, has had no formal education, and was in "an arena that instills fear," is amply refuted by the record concerning his apparent success as an "entrepreneur." Appellant operated a migrant farm labor camp for several years, never employing fewer than fifteen people and averaging gross revenues of $1200 to $1300 per week. In light of these facts, we are convinced that the court's finding that the guilty plea "was factually based and freely, intelligently, and voluntarily made" is not clearly erroneous.

Recognizing the care with which the district court accepted appellant's guilty plea,[5] the basis upon which its withdrawal was sought, and the likelihood of substantial prejudice to the government, we conclude that the district court did not abuse its discretion in denying appellant's motion to withdraw his plea.

Affirmed.

---

4. Rising to object to continuing with the sentencing procedure and to move for permission to withdraw the guilty plea, Mr. Harriett stated:

I felt like in representing Jack Simmons, when we entered the plea of guilty to two counts of the involuntary servitude, that Jack's record would warrant probation. I still think his record would warrant probation, and we have a goodly number of witnesses here to testify as to his record, but obviously having been in Court when Willie was just sentenced, I think I probably gave Jack bad advice in entering his plea of guilty to two counts.

5. Mr. Fine, who represented appellant at the hearing on the motion to withdraw the guilty plea, attested to the fairness and thoroughness of the Rule 11 proceeding:

I might state for the record, may it please the Court, so far as this Honorable Court is concerned in doing that, we do not feel, if Your Honor please, that the Court could have asked any other questions that would have materially helped the situation. . . .