UNITED STATES of America,
Plaintiff-Appellee,

v.

Jack Burgess PRESSLEY, Jr., a/k/a
George Armstrong Breckenridge,
Defendant-Appellant.

No. 78–5786
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 13, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Frank M. Garza, Corpus Christi, Tex. (Court-appointed), for defendant-appellant.

John M. Potter, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

The question on this appeal is whether the trial judge abused his discretion by denying the motion by appellant Jack Burgess Pressley, Jr., to withdraw his guilty plea. Because the present state of the record is inadequate to allow us to make this determination, we must remand for further inquiry.

On July 10, 1978, Pressley was arraigned and entered a plea of not guilty to three counts of transportation of stolen goods in interstate commerce. On September 6, 1978, following plea bargaining, Pressley entered a plea of guilty to one count of the indictment. The plea bargain agreement provided that the other remaining count would be dismissed,[1] the government would stand mute at sentencing, and any sentence imposed would run concurrently with another federal sentence Pressley was then serving.

On October 4, 1978, Pressley appeared for sentencing and stated that he wished to withdraw his guilty plea. After initially indicating that Pressley would be allowed to withdraw his guilty plea, the trial court delayed final determination pending a psychiatric evaluation of Pressley. On December 11, 1978, satisfied by the psychiatric report that Pressley was competent, the trial court denied his motion and proceeded to sentencing.

Rule 32(d), Fed.R.Crim.P., governs motions to withdraw pleas of guilty or *nolo contendere*:

A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

When the defendant waives his constitutional rights by pleading guilty, it is crucial

---

1. The third count had previously been dismissed.

that the waiver be knowing and voluntary. *McCarthy v. U. S.*, 394 U.S. 459, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). *See also Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). "Courts must always be diligent to ascertain whether a plea of guilty was understandingly made, and when it appears *before sentencing* that such a plea was entered by a defendant who . . . acted as a result of mistake, it is an abuse of discretion not to permit the plea to be withdrawn." *De Leon v. United States*, 355 F.2d 286, 289 (5th Cir. 1966). If, in the exercise of the court's discretion, there appears to be any reason to allow withdrawal of a guilty plea prior to sentencing, leave should be freely granted. *Kercheval v. U. S.*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

On the record presently before us, we are unable to determine on what basis the trial court denied appellant's motion to withdraw his guilty plea. Therefore, we cannot determine whether its exercise of discretion was reasonable. The court's finding that Pressley was competent to understand the proceedings at the time of his original plea, although a prerequisite to validity of the plea, does not end the inquiry. Such factors as whether close assistance of counsel was available, whether the original plea was knowing and voluntary, and whether judicial resources would be conserved should be considered. *U. S. v. Morrow*, 537 F.2d 120 (5th Cir. 1976), *cert. denied*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977).

Appellant's statements at the time he attempted to withdraw the guilty plea suggest that he may not have understood that the plea bargaining arrangement allowed the judge to impose a sentence as severe as ten years' imprisonment.[2] If he was mistaken as to the terms of the plea bargain, his original plea must be deemed

less than a fully knowledgeable waiver of his rights. A careful review of the trial court's remarks and appellant's responses at the time of the original guilty plea does not satisfy us that appellant, a man of questionable competence,[3] fully understood what he had agreed to.

We also note that Pressley's original guilty plea could not have been an attempt to test the severity of the potential punishment. His motion to withdraw the plea was made before the trial court gave any hint of the length of the sentence it would impose.

We remand for a fuller determination of the reasons supporting Pressley's motion and the court's rationale for denying the motion.

REMANDED.

---

2. At one point, Pressley stated, "I agreed to a plea bargain and I come up here and I'm facing ten years." (1st Supp. Record at 24).

3. The Government, defense counsel, and the trial court agreed that a psychiatric examination was necessary to determine whether Pressley had been mentally competent at the time of his original plea.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.