UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Ronald RASMUSSEN, Defendant-Appellant.

No. 80–7950
Summary Calendar.

United States Court of Appeals, Fifth Circuit.
Unit B

April 10, 1981.

Allen W. Howell, Montgomery, Ala., for defendant-appellant.

David L. Allred, Montgomery, Ala., for plaintiff-appellee.

Before HILL, FAY and R: LANIER ANDERSON, Circuit Judges.

R. LANIER ANDERSON, Circuit Judge:

Appellant, Robert Ronald Rasmussen, represented by appointed counsel, pleaded guilty to a single count of knowingly and willfully transporting stolen property, a Peterbilt tractor, in interstate commerce in violation of 18 U.S.C.A. § 2314 (1970). Prior to sentencing, Rasmussen filed a motion to withdraw his guilty plea pursuant to Fed.R.Crim.P. 32(d). The district court denied Rasmussen's motion. Finding no abuse of discretion by the district court, we affirm.

On the morning of October 9, 1980, Rasmussen appeared for arraignment in district court, at which time counsel was appointed to represent him. When Rasmussen's case was called for a plea, he was placed under oath and the district court thereupon examined him in accordance with Fed.R.Crim.P. 11.[1] This examination revealed that Rasmussen had three years college education, had read the simple one count indictment,[2] and acknowledged he understood the indictment. Rasmussen also acknowledged he had consulted the appointed counsel with respect to the indictment. In establishing the factual basis for the guilty plea, Rasmussen admitted that he had taken the Peterbilt tractor across state line without the owner's permission.

On October 16, 1980, and before sentencing, Rasmussen filed a motion to withdraw his guilty plea pursuant to Fed.R.Crim.P. 32(d).[3] He grounded his motion on an affidavit in which he alleged, in conclusory manner, that he did not fully understand the element of intent for the offense charged at the time of his plea, that he did not ask his attorney to explain, nor did the

---

1. The record reveals that the examination of Rasmussen complied fully with the requirements of Rule 11. Rasmussen does not attack in any way the district court's adherence to Rule 11.

2. The indictment reads:

    On or about the 28th day of August, 1980, ROBERT RONALD RASMUSSEN did knowingly and willfully transport in interstate commerce from East Point, Georgia, to Newville in the Middle District of Alabama, stolen property, to-wit: a 1979 Peterbilt tractor, VIN 120744N, the value of which is approximately $52,800.00 and he then well knew the

    said 1979 Peterbilt tractor to have been stolen, in violation of Title 18, Section 2314, United States Code.

3. Fed.R.Crim.P. 32(d) reads:

    (d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

attorney volunteer, facts relevant to any defense of permission, and that he did have permission to use the Peterbilt tractor. Rasmussen did not support these assertions with any specific facts. Nor did he attempt to explain why he thought he had permission to take the tractor when, at the Rule 11 proceeding, he had expressly admitted not having permission. The district court denied the motion, finding that Rasmussen had voluntarily and knowingly entered a plea of guilty after conferring fully with his court-appointed attorney.

The provisions of Rule 32(d) regarding withdrawal of a guilty plea before sentence are to be construed and applied liberally. *Meaton v. United States*, 328 F.2d 379 (5th Cir. 1964), *cert. denied*, 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801 (1965). The Supreme Court has announced that "[t]he court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just." *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927); *United States v. Pressley*, 602 F.2d 709 (5th Cir. 1979). Nevertheless, it is well settled that there is no absolute right to withdraw a guilty plea before the imposition of sentence. Instead, the right to do so is within the sound discretion of the trial court which will be reversed by an appellate court only for an abuse of that discretion. *United States v. Morrow*, 537 F.2d 120 (5th Cir. 1976), *cert. denied sub nom. Brennan v. United States*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977); *United States v. Simmons*, 497 F.2d 177 (5th Cir.), *cert. denied*, 419 U.S. 1048, 95 S.Ct. 623, 42 L.Ed.2d 643 (1974); *United States v. Arredondo*, 447 F.2d 976 (5th Cir. 1971), *cert. denied*, 404 U.S. 1026, 92 S.Ct. 683, 30 L.Ed.2d 676 (1972); *DeLeon v. United States*, 355 F.2d 286 (5th Cir. 1966).

Rasmussen raises two arguments to prove an abuse of discretion. First, Rasmussen maintains that his sworn statements in his affidavit that he did not understand the element of intent when he pleaded guilty and that he had permission to use the tractor, gave the district court good reason to allow withdrawal of the plea.[4] He contends this sufficiently shows his plea was the result of a mistake, which this court found important in *DeLeon v. United States, supra*, and in *United States v. Pressley, supra*.

We believe *DeLeon* is distinguishable. There, while pleading guilty, the defendant was unable to explain to the court what he had been charged with although he stated he understood the charge. In explaining why he had pleaded guilty when he later moved to withdraw his plea, the defendant characterized his understanding of the charge in such a way to indicate he did not comprehend the charge. We held that on the record in that case, the defendant should have been allowed to withdraw his plea. Here, Rasmussen has in no way explained how he misunderstood the intent element of the charge or the concept of permission.

In *Pressley*, we remanded for a fuller determination of the reasons for the district court's refusal to allow withdrawal of a motion because the record indicated the defendant there was of questionable competence and because the record at the time of the plea raised questions as to whether the defendant understood the plea bargain agreement under which he was pleading. Here there is no question as to Rasmussen's competence, and our review of the record convinces us that there is no question about Rasmussen's understanding of the charge against him.

As we read Rasmussen's motion for withdrawal of plea, it amounts to a mere assertion of innocence. It is no stronger than the disclaimer of an intent to defraud which

---

4. Rasmussen suggests for the first time on appeal that he did not have sufficient time to confer with appointed counsel. He does not state how much time he did have for consultation, but indicates counsel's time sheet showed only one and one-half hours at arraignment, part of which was waiting for the call of the docket. We place no weight on this suggestion since it is raised for the first time on appeal. Moreover, given the simplicity of the charge, we are not convinced that consultation of less than one and one-half hours is inadequate.

we found inadequate to require withdrawal of a plea in *Meaton v. United States*, 328 F.2d 379 (5th Cir. 1964).[5] As noted by the District of Columbia Circuit, if the mere assertion of legal innocence were a sufficient condition for withdrawal, withdrawal would effectively be an automatic right. *United States v. Barker*, 514 F.2d 208, 221 (D.C.Cir.), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). *Barker* held that, in addressing a withdrawal motion, the court must consider not only whether the defendant has asserted his innocence, but also the reason why the defenses now presented were not put forward at the time of the original pleading. *Id.; see also United States v. Webster*, 468 F.2d 769 (9th Cir. 1972), *cert. denied*, 410 U.S. 934, 93 S.Ct. 1385, 35 L.Ed.2d 597 (1973); *Callaway v. United States*, 367 F.d 140 (10th Cir. 1966); *United States v. Giuliano*, 348 F.2d 217 (2d Cir.), *cert. denied*, 382 U.S. 946, 86 S.Ct. 406, 15 L.Ed.2d 354 (1965). Because Rasmussen has not given any reasons as to why he now believes he may rely on the defenses of lack of intent and permission, we do not find any abuse by the district court on this ground.

■■■ Rasmussen's second argument is that there was an abuse of discretion because the government would suffer no prejudice if his motion were granted and the case went to trial. In its brief to this court, the government concedes that there has been no showing of prejudice. Undoubtedly, a finding of prejudice to the government would be an important factor justifying denial of such withdrawal. *United States v. Morrow*, 537 F.2d 120 (5th Cir. 1976), *cert. denied sub nom. Brennan v. United States*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977); *United States v. Simmons, supra; United States v. Pressley, supra; United States v. Barker, supra; United States v. Hancock*, 607 F.2d 337 (10th Cir. 1979). However, the parties have cited no cases, and we have found none, holding that the absence of specific prejudice to the government gives the defendant an absolute right to withdraw a guilty plea.[6] The Ninth Circuit, however, has held that a showing of prejudice is not a *sine qua non* for denying a motion to withdraw when the defendant fails to present and support a plausible reason for withdrawal of a plea. *United States v. Webster, supra; accord United States v. Guiliano, supra*. The law of this circuit is that there is no absolute right to withdraw a guilty plea even before imposition of the sentence. Although such withdrawal should be freely allowed, the decision lies within the sound discretion of the district judge and the test is whether there is any reason that is "fair and just." *Kercheval v. United States*, 274 U.S. at 224, 47 S.Ct. at 583. Had Rasmussen come forward with any specific facts as to why he misunderstood the element of intent or the defense of permission, we would be presented with a different case and the lack of prejudice to the government would weigh heavily toward allowing withdrawal of the plea. In the instant case, however, the

---

**5.** In *Meaton*, a third party testified at the Rule 11 proceeding, but it is unclear how relevant the testimony of the third party was to the defendant's later allegation of no intent to defraud.

**6.** Professor Wright has argued that the sounder view of Rule 32(d), supported by both the language of the rule and its underlying rationale to protect a defendant's right to a jury trial where possible, would be to allow withdrawal of the plea prior to sentencing unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea. 2 Wright, *Federal Practice and Procedure, Criminal* § 538 (1969). Professor Wright disapproves of those cases placing the burden on the defendant to establish good grounds for withdrawal of the plea. *Id.* However, Professor Wright also states that no one disputes the accepted principle that

there is no absolute right to withdraw a guilty plea. *Id.* There being no absolute right, we do not believe that the absence of a showing of prejudice to the government, by itself, should be sufficient to mandate permission to withdraw a plea when, as here, no credible reason is proferred.

See also Judge J. Skelly Wright's dissent in *Everett v. United States*, 336 F.2d 979, 985 (D.C.Cir.1964). Judge Wright stated that he would have thought that where the government would suffer no prejudice, withdrawal of a guilty plea would be allowed as a matter of course. He conceded, however, that the Supreme Court's decision in *Kercheval v. United States, supra*, required the defendant to give a good reason for withdrawal of his guilty plea. *Id.*

defendant has made only a conclusory allegation that he had permission, which allegation is squarely contradicted by his sworn testimony at the Rule 11 proceeding that he did not in fact have permission, and that the tractor was in fact stolen. Defendant has alleged no facts to explain this contradiction. Defendant's assertions in his affidavit that he did not understand the element of intent and that he did in fact have permission to use the tractor are not credible in light of defendant's specific testimony to the contrary at the Rule 11 hearing. There is no suggestion that defendant, who had completed three years of college and who was represented by appointed counsel, was not competent to understand the simple concepts here involved, *i. e.*, stolen and permission. The district judge obviously believed the live testimony which he personally observed, and gave no credence to the affidavit to the contrary.

We find no abuse of discretion in the district court's refusal to permit defendant to withdraw his plea of guilty.

AFFIRMED.