**UNITED STATES of America, Plaintiff,**

v.

**Patrick Pasquale TAMMARO, et al., Defendants.**

**Civ. A. No. CR 79–129A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 27, 1982.

William L. McCulley, Sp. Atty., U. S. Dept. of Justice, Atlanta, Ga., for U. S., plaintiff.

Kerry Nahoom, Winter Park, Fla., for Patrick Pasquale Tammaro, defendant.

## ORDER

SHOOB, District Judge.

Defendant Patrick Pasquale Tammaro pled guilty to Count II of the indictment on November 23, 1981, the morning that his trial and that of his two remaining codefendants was to begin.[1] The Court conducted a complete Rule 11 colloquy with defendant and his counsel before accepting the plea of guilty. *See* Transcript of Guilty Plea, November 23, 1981 (hereinafter "TR"). On January 5, 1982, defendant Tammaro filed the instant motion to withdraw his plea of guilty, pursuant to Fed.R. Crim.P. 32(d), and requested oral argument on the motion. The government opposes the motion.[2] For the reasons set forth below, defendant's request for oral argument is DENIED, and defendant's motion to withdraw his guilty plea is DENIED.[3]

1. The rule in this circuit is that a hearing need not be held on a motion to withdraw a plea of guilty, unless there are issues of fact that ought to be decided. *United States v. Tivis*, 421 F.2d 147 (5th Cir. 1970). This is in accord with the general rule that the "trial court need not conduct a hearing on the motion to vacate if the court is entirely familiar with the facts." 2 *Wright, Federal Practice and Procedure*, § 537 at page 465 (1969) (footnote omitted). This Court is entirely familiar with the facts which are undisputed. What is disputed is the ultimate conclusion to be drawn from them. The request for oral argument is DENIED.

2. Rule 32(d) of the Federal Rules of Criminal Procedure provides:

---

1. The trial was originally scheduled to begin on November 16, 1981, a week earlier, but was continued at the request of counsel for Tammaro, due to Tammaro's failure to appear.

2. The government's response to the motion was several days late due to inclement weather. The government's motion for additional time to respond is GRANTED.

3. The Court sets forth its reasoning in writing and in some detail in order to enable the appellate court, if necessary, to determine the basis for this Court's denial of the motion. *See United States v. Pressley*, 602 F.2d 709, 711 (5th Cir. 1979).

*Withdrawal of Plea of Guilty.* A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Since defendant Tammaro filed his motion prior to sentencing, he need not show "manifest injustice"; rather, the cases indicate that "the granting of leave to withdraw a plea of guilty or nolo contendere is discretionary with the trial court, and an appellate court will rarely interfere with the exercise of this discretion." *Wright, supra,* at page 464. *See also United States v. Rasmussen,* 642 F.2d 165, 167 (5th Cir. 1981) (abuse of discretion is the test).

The Fifth Circuit has elaborated on the bounds of the district court's discretion when the motion is made before sentencing.

The law of this circuit is that there is no absolute right to withdraw a guilty plea even before imposition of the sentence. Although such withdrawal should be freely allowed, the decision lies within the sound discretion of the district judge and the test is whether there is any reason that is "fair and just."

*Rasmussen, supra,* 642 F.2d at 168.

The reasons put forth by Mr. Tammaro for his motion are essentially (1) that he is not guilty and now desires a chance to prove his innocence at trial; and (2) that his plea of guilty was not knowing and voluntary since (a) it was made in haste and (b) defendant Tammaro was under great pressure due to marital problems, personal ill health, and his son's affliction with Hodgkin's Disease.

■■■ In considering whether either of these reasons is "fair and just," a number of factors must be considered. Insofar as

the validity of the plea itself is concerned, a court should permit withdrawal "if it was induced by fraud, mistake, imposition, misrepresentation, or misapprehension by the defendant of his legal rights," *Wright, supra,* at page 466. A change of law affecting the validity of any conviction on the indictment, occurring between the time of the guilty plea and the time of sentencing, might render a guilty plea ineffective as not a knowing and intentional relinquishing of the right to trial. *United States v. Pressley,* 478 F.2d 163 (5th Cir. 1973). The defendant may move to withdraw his plea as not knowing and voluntary on the ground that "close assistance of counsel" was not available to him. *Pressley, supra,* 602 F.2d at 711. Two other factors not related to the validity of the guilty plea itself are (1) "the interest in judicial economy," a factor "of considerable importance," *United States v. Morrow,* 537 F.2d 120, 146–47 (5th Cir. 1976); *see also Farnsworth v. Sanford,* 115 F.2d 375, 377 (5th Cir. 1940) (Sibley, J.), and (2) "prejudice to the government," another "important factor," *Rasmussen, supra,* 642 F.2d at 168.[4]

The following paragraphs represent this Court's consideration of defendant's proffered reasons for the motion, and the other factors the cases indicate should be considered on a motion to withdraw a guilty plea.

■■ (a) Tammaro's assertion of innocence. Despite his plea of guilty, *see* TR, Tammaro now contends that "at all times during the two and one half years since the indictment was entered, the Defendant has maintained his innocence as to all charges and has vigorously defended himself." Tammaro further contends that "in entering this plea, the Defendant never admitted that he was guilty of any of the crimes alleged, ..." Motion, page two. That is

---

4. In *United States v. Simmons,* 497 F.2d 177, 178 (1974), the Fifth Circuit noted that "the public interest in protecting a defendant's right to trial by jury usually outweighs any inconvenience that the court or the prosecution is likely to suffer as a result of a withdrawn plea prior to sentencing." Continuing, however, the

Fifth Circuit cited the proposal in *Wright, supra,* § 538, at 474–75, that "courts allow presentencing withdrawals of guilty pleas virtually as a matter of course '*unless* the prosecution has been *substantially prejudiced* by reliance upon the defendant's plea.'" (Emphasis added.) *See* page 7, of this order, below.

untrue.[5] TR, page 21. Further, even had defendant not acknowledged his guilt under oath, his present assertion of innocence alone is not cause which is fair and just. "If the mere assertion of legal innocence were a sufficient condition for withdrawal, withdrawal would effectively be an automatic right." *Rasmussen, supra,* 642 F.2d at 168. The Court now moves to consider the reasons why "the defenses now presented were not put forward at the time of the original pleading," *id.*

■ (b) Tammaro's plea as knowing and voluntary. Defendant contends that his own ill health (diabetes, gastritis and a heart condition), the deterioration of his son due to Hodgkin's Disease, and his involvement in divorce proceedings combined to put great pressure on him. Further, defendant's inability to talk to his estranged wife the morning of the plea put him under such additional stress that his decision to plead guilty was not knowing and voluntary.

On the other side of the ledger, defendant was indicted over two and a half years ago. His son's disease was diagnosed prior to defendant's indictment. Defendant's own health problems with diabetes and his heart arose prior to indictment. *See* Exhibits to Defendant's Motion. None of these problems will go away; defendant has lived with the stress of his son's illness and his own ill health for some time. It is no doubt stressful to plead guilty to a felony, but long-term illness combined with his plea did not render defendant unable to plead guilty. Further, after the trial of the case began and while the jury was being selected, the Court gave Tammaro additional time to consider his plea. More heart-rending family and health problems than Tammaro's have been held insufficient grounds for an attack on the voluntariness of a guilty plea. *See Morrow, supra,* 537 F.2d at 146.

Three other factors strongly counsel against Tammaro's argument that his plea was not knowing and voluntary. First, Tammaro was "closely assisted by counsel at the time he changed his guilty plea." *Morrow, supra,* 537 F.2d at 146. Second, defendant's plea bargain with the government was *extremely* favorable.[6] In return for defendant's plea of guilty to one conspiracy count in the indictment, for which the maximum sentence is five years imprisonment and a $10,000.00 fine, the government—

(i) agreed to dismiss all remaining counts of the indictment against Tammaro at sentencing;

(ii) posed no objections to defendant Tammaro's remaining free on bond prior to sentencing;

(iii) agreed it would make no recommendation as to sentence;

(iv) agreed not to call defendant Tammaro as a witness in the trial of his codefendants, or to ask him to otherwise cooperate with the government;

(v) agreed not to press any charges against defendant for his failure to appear for trial on November 16, 1981, and

(vi) represented that there were no other federal matters pending against defendant of which the government is aware.

And third, the outcome of this Court's Rule 11 colloquy and careful questioning of the defendant was this Court's very firm conviction that defendant's plea of guilty was knowing and voluntary. *See* TR.

■ (c) The interest in judicial economy. This case is over two and a half years old. It has been up to the court of appeals and back. There have been three trials on various portions of the indictment. The counts on which defendant now seeks a trial took five trial days for his two codefendants, spread out over the period from November 23 to December 3, 1981. Defendant Tammaro did not file his motion until his codefendants' trial had ended.[7] The interest of

5. *See* A.B.A. Model Code of Professional Responsibility, D.R. 1–102(A)(4).

6. Indeed, the Court was surprised by the generous terms of the agreement.

7. His codefendants were acquitted. In light of

judicial economy weighs strongly against Tammaro. *See Morrow, supra*, 537 F.2d at 146–47.

■ (d) *Prejudice to the government.* The government makes a strong showing that it would be prejudiced by withdrawal of the plea and trial. First, the government would have to bring all of its witnesses back to Atlanta. The Court recalls a number of out-of-state witnesses in this five day trial. Second, and more important, two of the government's most important witnesses are under a witness protection program. They testified at trial as to the reasons they fear for their lives. It is the Court's conviction that these witnesses have a factual basis for their fear, and that additional travel places them in jeopardy. The government would be greatly prejudiced by another trial. *See United States v. Simmons*, 497 F.2d 177, 179 (5th Cir. 1974); *Farnsworth, supra*, 115 F.2d at 377; *Morrow, supra*, 537 F.2d at 146–47.

Consideration of all these factors leads the Court to conclude that defendant's motion to withdraw his guilty plea must be DENIED, since there is no "fair and just" reason to permit Tammaro to withdraw his guilty plea.[8]

---

defendant Tammaro's weak showing of a "fair and just" reason for withdrawal of his plea, the Court surmises that the acquittal of his codefendants provides the true impetus for this motion. The testimony at trial showed that defendant Tammaro was by far the most culpable of the three defendants.

8. The Court has alluded to what is no doubt the true reason for the motion, *see* footnote 7. In an analogous situation, the Fifth Circuit has indicated that it does not view a defendant's desire for "another bite of the apple" to be a reason for withdrawal of the plea which measures up to the "fair and just" standard. *Simmons, supra*, 497 F.2d at 179 (motion to withdraw guilty plea made orally, in court, at sentencing, but only after Simmon's codefendant, sentenced first, received a relatively heavy sentence).