OPINION
Defendant Dale Rippey appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which overruled his motion to withdraw his guilty plea to one count of assault in violation of R.C. 2903.13. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 APPELLANT WAS DENIED DUE PROCESS OF LAW BY THE TRIAL COURT'S REFUSAL TO ALLOW HIM TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING WHEN THE APPELLANT ALLEGED INACCURACIES IN THE PRE-SENTENCE INVESTIGATION REPORT IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND RULE 32.1 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
ASSIGNMENT OF ERROR NO. 2
 WHEN DEFENDANT-APPELLANT ALLEGED INACCURACIES IN THE PRE-SENTENCE INVESTIGATION REPORT DUE PROCESS REQUIRED THAT THE COURT SHALL, AS TO EACH MATTER CONTROVERTED, MAKE FINDINGS AS TO THE ALLEGATION, BEFORE IMPOSING A SENTENCE; UNITED STATES CONSTITUTION, AMENDMENT XIV; OHIO CONSTITUTION, ARTICLE I, SECTION 10; R.C. 2951.03 (B)).
ASSIGNMENT OF ERROR NO. 3
 THE APPELLANT WAS DENIED A FAIR TRIAL, DUE PROCESS OF LAW AND EFFECTIVE ASSISTANCE OF COUNSEL AND TO A FULL AND EFFECTIVE APPEAL WHEN TRIAL COUNSEL FAILED TO RAISE THE ERRORS LISTED IN ASSIGNMENT OF ERRORS ONE AND TWO, SUPRA, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
The record indicates appellant pled guilty to an assault on a police officer on June 30, 1999. Appellant's counsel requested a pre-sentence investigative report be made prior to sentencing. The trial court then engaged in a Crim.R. 11 exchange with appellant, advising him of the effect of his change of plea, and the constitutional rights appellant was waiving. Appellant executed a change of plea form. The trial court informed appellant he faced a potential incarceration of 6 to 18 months, or any number of months within that time period. Appellant acknowledged he understood the possible penalties in the written change of plea form. The trial court then continued the sentencing hearing so that the PSI could be prepared. On August 11, 1999, the trial court called this case for sentencing. At the hearing, appellant's counsel moved the court to withdraw appellant's guilty plea. Counsel informed the court the prosecutor had provided discovery showing appellant had a prior disorderly conduct charge. Based upon the discovery indicating appellant had minimal involvement with the criminal justice system, appellant decided to plead guilty. Defense counsel asserted the present case was "very triable". Defense counsel advised the court that contrary to discovery, the pre-sentence investigation revealed ten domestic violence convictions. Appellant asserted this information was incorrect. Counsel argued to the court the present case appeared to be a case in which the appropriate penalty would be community control. In light of the pre-sentence investigation, however, counsel felt appellant faced a more severe penalty based on the new information, and appellant preferred to stand trial on the charges. The trial court overruled the motion to withdraw the guilty plea, but continued the sentencing hearing, to give counsel an opportunity to review and verify the additional charges. The trial court also advised counsel it had become aware of a new felony charge which arose three days after appellant entered his plea to the case at bar. The trial court noted, however, appellant's guilt had not been established on the new charge. Finally, on August 25, 1999, the trial court sentenced appellant to 15 months incarceration, noting the matter was a serious matter, with possible physical harm to the officer, and also finding there was likelihood of recidivism, because appellant had been arrested again subsequent to the incident which was the subject of this action. Appellant had also tested positive to certain drug screenings.
 II
In his second assignment of error, appellant urges that the trial court should have reviewed the PSI and made findings regarding each of the alleged accuracies before pronouncing sentence. Appellant cites us to R.C. 2951.03. The statute provides the court has discretion to permit the defendant or his counsel to introduce testimony or information regarding alleged factual inaccuracy in a PSI. If there is an allegation of factual inaccuracy, the court should either make a finding as to the allegation, or state that no finding is necessary. Here, when the trial court learned appellant disputed the facts in the PSI, it immediately continued the sentencing hearing to allow defense counsel to investigate. On August 25, when the sentencing hearing resumed, counsel did not present any specific factual challenges to the PSI. We find the trial court acted properly in continuing the matter for further investigation. Thereafter, appellant made no specific allegations about inaccuracies of the pre-sentence investigation report, and the trial court proceeded with the sentencing hearing. This is proper pursuant to statute. The second assignment of error is overruled.
 I
In his first assignment of error, appellant urges he was denied due process of law when the court refused to allow him to withdraw his guilty plea prior to sentencing, based on inconsistencies in the discovery and the pre-sentence investigation report. Appellant correctly urges Crim.R. 32.1 permits a motion for withdrawal of a guilty plea any time before sentencing, or even after sentencing upon sufficient showing of good cause. Leave to withdraw should be freely given for any fair and just reason, see e.g. United States v. Pressley (1979), 602 F.2d 709. It appears before the court accepted the guilty plea, it conducted an appropriate Crim.R. 11 dialogue with appellant, and determined appellant was voluntarily changing his plea. The record does not disclose this occurred because of any plea bargaining. Appellant admitted he was aware of the potential penalties, and in fact the court sentenced him to less than the maximum allowed by statute. Appellant does not allege that the discrepancy between the discovery provided and the final PSI was deliberate, or used by the prosecutor to influence appellant's decision to plead guilty. To the contrary, at the August 11 hearing, defense counsel informed the court he had learned from the prosecutor that the PSI revealed far more than she had provided in discovery. Finally, defense counsel indicated appellant's decision to plead guilty may have been based in part upon appellant's belief the court would impose a community control sanction rather than actual incarceration. However, it is clear appellant understood the potential penalties he faced, and was not promised community control sanctions. We also note it was appellant himself who requested the PSI. Our review of the record leads us to conclude the trial court did not err in refusing to allow appellant to withdraw his guilty plea. The first assignment of error is overruled.
 III
In his third assignment of error, appellant urges he was denied the effective assistance of counsel and the right to a full and effective appeal. In Strickland v. Washington (1984),466 U.S. 668, the United States Supreme Court devised a two-prong test requiring an accused to show both that counsel's representation falls below an objective standard of essential duty to his client, and also that the substandard performance actually prejudiced the accused's ability to receive a fair and reliable trial. The Ohio Supreme Court has adopted the two-prong test, see State v. Bradley (1989), 42 Ohio St.3d 136. Appellant lists two incidents in which, he urges, trial counsel was ineffective. First, trial counsel did not file a written motion to withdraw the guilty plea and failed to properly set forth on the record the grounds for withdrawing the plea. Our review of the record discloses there was no written motion to withdraw, but the transcript of August 11, 1999, demonstrates trial counsel made an oral motion and very ably supported it with the reasons appellant wished to withdraw his plea. The second alleged error of trial counsel is failure to properly object and preserve for the record the contradictions between the PSI and the State's response to discovery, failure to present evidence concerning the factual inaccuracies in the PSI, and failure to preserve the PSI for our review. We find trial counsel did in fact properly object to the PSI and allege the factual inaccuracies. It is also true after counsel was given the opportunity to investigate the matter, counsel did not come forward with any specific evidence concerning the factual inaccuracies. The PSI is not included in the record before us. Appellant's argument asks us to presume that the PSI was inaccurate. Even if the PSI was before us, this court would be unable to determine whether or not the information contained in it was correct. These matters are outside the record before us, and thus may be more appropriate in a petition for post conviction relief. Again, none of appellant's arguments impact on the validity of his guilty plea. The sentence appellant received was permitted by the statute, and not the maximum permitted by the statute. The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
 ________________________ Gwin, P.J.,
By Gwin, P.J., Hoffman, J., and Wise J., concur