[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12880
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00375-GKS-DAB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN JUSTIN VILLALONA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 5, 2013)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Steven Villalona appeals the district court's denial of his request

at sentencing to withdraw his guilty plea to one count of conspiracy to possess with

intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(A)(ii)(II), and 846, and one count of aiding and abetting the possession of a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.  On appeal, Villalona argues that the district court erred by denying his request to withdraw his guilty plea without holding an evidentiary hearing.  He argues that the record undermines his statements at the plea hearing that he was satisfied with his counsel's services; rather, he contends that the record suggests that he was deprived of the close assistance of counsel, pointing to his counsel's failure (1) to move to withdraw his guilty plea prior to the district court's acceptance of it, when he would have had an absolute right to withdraw, and (2) to communicate with him prior to sentencing. He argues that the record is insufficiently developed to determine if his communication with his counsel became strained prior to entry of the plea and what impact that strain might have had on the entry of his guilty plea.  However, despite the state of the record, he asserts that it is sufficient to demonstrate that he potentially was entitled to withdraw his plea.  He asks that the case be remanded for the district court to hold an evidentiary hearing.

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion.  *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006).  In reviewing a district court's denial of such a motion, we will reverse only if the district court's ultimate conclusion is arbitrary or unreasonable.  *United*

*States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir. 2003).  We must, however, be able to determine the basis upon which the district court denied a motion to withdraw a guilty plea in order to determine whether its exercise of discretion was reasonable.  *United States v. Pressley*, 602 F.2d 709, 711 (5th Cir. 1979).  Generally, we review for abuse of discretion a district court's decision whether to hold an evidentiary hearing.  *United States v. Arbolaez*, 450 F.3d 1283, 1293 (11th Cir. 2006); *see also United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir. 1986) (reviewing a district court's decision not to grant an evidentiary hearing on a defendant's motion to withdraw his guilty plea for an abuse of discretion).  We review claims made for the first time on appeal, however, only for plain error. *United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005).  For such claims, we "may not correct an error the defendant failed to raise in the district court unless there is: '(1) error, (2) that is plain, and (3) that affects substantial rights.'"  *Id*. at 1271 (quoting *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002)).  "Even then, we will exercise our discretion to rectify the error only if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  *Id*. (quoting *Cotton*, 535 U.S. at 631, 122 S.Ct. at 1785).

A defendant has an absolute right to withdraw a guilty plea before the district court accepts it.  Fed.R.Crim.P. 11(d)(1).  After the district court has accepted a defendant's guilty plea, and before sentencing, the defendant may

3

withdraw a guilty plea if (1) the district court rejects the plea agreement, or (2) "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(A)-(B). This permissive withdrawal rule is to be liberally construed, but, pursuant to it, there is no absolute right to withdraw a guilty plea. *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).

In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a plea, a district court may consider the totality of the circumstances surrounding the plea, including whether: (1) close assistance of counsel was available, (2) the plea was knowing and voluntary, (3) judicial resources would be conserved, and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. *Id*. at 471-72. If a defendant does not satisfy the first two prongs of the *Buckles* analysis, this Court need not "give particular attention" to the others. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

"The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw a guilty plea are issues for the trial court to decide." *Brehm*, 442 F.3d at 1298 (internal quotation marks and alteration omitted). There is a strong presumption that statements made by a defendant during the plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, a defendant bears a heavy burden to show that his statements under

oath were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). Where the colloquy at the plea hearing sufficiently probed the knowingness and voluntariness of the guilty plea, a district court does not abuse its discretion by declining to hold an evidentiary hearing on the motion to withdraw. *See Stitzer*, 785 F.2d at 1514.

At the plea hearing, the district court satisfies its obligation to inquire into the knowing and voluntary nature of a guilty plea by addressing three "core" concerns: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000) (internal quotation marks omitted). Under Federal Rule of Criminal Procedure 11, the district court must "inform the defendant of his rights relevant to his guilty plea and determine that he understands them." *Brehm*, 442 F.3d at 1298. Rule 11 gives the district court specific obligations that effectuate a knowing and voluntary plea, including the obligation to inform the defendant of his right to plead not guilty, his right to counsel, his right to jury trial, his rights at trial, his waiver of those rights as a result of a plea, the nature of the charges, the minimum and maximum penalties he faces as a result of a plea, and any limitation on appealing his conviction or

sentence that might be contained in his plea agreement.  Fed.R.Crim.P. 11(b)(1)(B)-(N).

We conclude from the record here that the district court did not abuse its discretion by denying Villalona's request at sentencing to withdraw his guilty plea because Villalona failed to establish a "fair and just reason" for the withdrawal of his plea.  Villalona had the close assistance of counsel prior to, and during, his plea hearing, and the exhaustive hearing conducted by the magistrate judge established that his guilty plea was knowing and voluntary.  Although the record does indicate that Villalona had formed the intention to withdraw his plea while he retained the absolute right to do so, he failed to act promptly on that intention.  Further, because the magistrate judge conducted an exhaustive Rule 11 hearing that thoroughly probed the knowing and voluntary nature of Villalona's guilty plea, we conclude that the district court did not plainly err, let alone abuse its discretion, by declining to hold an evidentiary hearing on his request for withdrawal.

Based on the aforementioned reasons, we affirm the district court's order denying Villalona's request to withdraw his guilty plea.

**AFFIRMED.**