# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51006
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

January 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

GEORGE ALEXANDER MARTINEZ, also known as Alex Martinez, also known as Pelon, also known as Porn Star, also known as George Martinez, also known as Perez, also known as Laidnpaid, also known as Pornstar,

      Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-159-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

George Alexander Martinez appeals the district court's denial of his motion to withdraw his guilty plea. Martinez pleaded guilty to transporting a minor for sex. 18 U.S.C. § 2423(a). After the presentence report had been prepared and a sentencing date set, and six months after he pleaded guilty, Martinez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51006

filed a motion to withdraw his guilty plea. The district court denied the motion and sentenced Martinez to 262 months of imprisonment.

Martinez argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. In particular, he asserts that he asserted his innocence, that the Government would suffer no prejudice from his withdrawal of his plea, that he filed his motion to withdraw very soon after he was appointed counsel after the withdrawal of the Federal Public Defender, and that his guilty plea was unknowing and involuntary. We review the denial of Martinez's motion to withdraw his guilty plea for abuse of discretion, considering the district court's analysis of the factors listed in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), under the totality of the circumstances. *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009).

To support his claims, Martinez refers to his unsworn assertions at the hearing on the motion to withdraw his plea. Martinez, however, explicitly declined to reiterate any of those allegations under oath at that hearing. Under oath at the rearraignment, on the other hand, Martinez specifically affirmed that he was satisfied with his attorney, that he was not forced to plead guilty, that he signed his plea agreement of his own free will, that he read the agreement before signing it, that he reviewed it with his attorney and asked questions which his attorney answered, and that he reviewed specifically the factual basis for his plea and agreed that he was pleading guilty to that basis. Further, he affirmed under oath that he understood that he faced a statutory minimum term of 10 years of imprisonment, that he faced a statutory maximum term of life imprisonment, that the guidelines were advisory only, that any agreement he reached about sentencing with the Government was nonbinding on the district court, and that the district court might reject such an agreement. Such "[s]olemn declarations in open court carry a strong

presumption of verity," which is untouched by Martinez's unsworn statements at the hearing on his motion to withdraw his plea. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In addition to reviewing the voluntariness of Martinez's plea and the close assistance he received from "very effective counsel," the district court noted the prejudice faced by the Government as to the evidence not obtained and witnesses released after Martinez's plea. *See United States v. Simmons*, 497 F.2d 177, 179 (5th Cir. 1974). Further, the district court noted the delay in the challenge to his plea; Martinez first raised a question about his guilty plea when he sought the withdrawal of the Federal Public Defender, which he did almost five months after pleading guilty, almost three months after preparation of the initial presentence report, and after a sentencing date had been set. *See Carr*, 740 F.2d at 345.

Under the totality of these circumstances, we conclude that the district court acted within its "broad discretion" in denying Martinez's motion to withdraw his guilty plea. *McKnight*, 570 F.3d at 649. The judgment of the district court is AFFIRMED.