# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40467
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

CHARLES FRANCIS HURT,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:15-CR-662-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Charles Hurt appeals his conviction and sentence for attempted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40467

enticement and coercion of a minor, in violation of 18 U.S.C. § 2422(b), contending that the district court abused its discretion by denying his motion to withdraw his guilty plea and by failing to order an evidentiary hearing. A denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). We consider the totality of circumstances, including seven factors:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources.

*United States v. Carr*, 740 F.2d 339, 343−44 (5th Cir. 1984).

The record supports the denial of Hurt's motion based on its consideration of the *Carr* factors. The rearraignment transcript establishes that the guilty plea was knowing and voluntary and that Hurt received close assistance of counsel. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Hurt's assertion of innocence also followed his admission to the facts alleged in the factual basis and his plea of guilty, both under oath in open court. *See id.* A defendant ordinarily may not "refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Furthermore, given that Hurt informed the court of his desire to change his plea approximately four months after his guilty plea, the finding that the motion was delayed is not error. *See United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994); *Carr*, 740 F.2d at 345.

Hurt maintains that the remaining *Carr* factors—prejudice to the

government, inconvenience to the court, and waste of judicial resources—weighed in favor of granting the motion to withdraw because there was no evidence to show that the factors were not satisfied.  But an absence of evidence on these factors is not "sufficient to mandate permission to withdraw a plea where, as here, no credible reason is proffered."  *United States v. Rasmussen*, 642 F.2d 165, 168 n.6 (5th Cir. Unit B Apr. 1981).  Accordingly, Hurt has failed to demonstrate that the district court abused its discretion by denying his motion to withdraw his guilty plea.

Hurt contends that the district court should have conducted an evidentiary hearing.  A decision not to hold an evidentiary hearing on a motion to withdraw a guilty plea is reviewed for abuse of discretion.  *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).  Although a defendant is not entitled to a hearing, "a hearing is required when the defendant alleges sufficient facts which, if proven, would justify relief."  *Id.* (internal quotation marks and citation omitted).  Hurt does not show that his allegations, if true, would overcome the strong presumption in favor of the affirmations he made in the plea proceedings.  *See Blackledge*, 431 U.S. at 74.  Thus, the district court did not abuse its discretion by failing to order a hearing.  *See Powell*, 354 F.3d at 370.

AFFIRMED.