# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40763
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

DAVID SCOTT LANGENBERG,

Defendant−Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:17-CR-179-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

David Langenberg appeals his conviction and sentence for receipt of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), contending the district court abused its discretion by denying his motion to withdraw his guilty plea. We review for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). In evaluating the denial of a motion to withdraw the plea, the court considers the totality of circumstances, including

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources.

*United States v. Carr*, 740 F.2d 339, 343−44 (5th Cir. 1984).

The record supports the denial of Langenberg's motion based on the district court's consideration of the *Carr* factors. The rearraignment transcript establishes that Langenberg's guilty plea was knowing and voluntary and that he received close assistance of counsel. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Langenberg's assertion of innocence also followed his admission to the facts alleged in the factual basis and his plea of guilty, both of which occurred while he was under oath in open court. *See id.* A defendant ordinarily may not "refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Furthermore, given that Langenberg informed the court of his desire to change his plea approximately three months after his guilty plea, the court's finding that Langenberg's motion was delayed is not error. *See United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994); *Carr*, 740 F.2d at 345. Langenberg

contends that the government did not demonstrate that it would be prejudiced if the court allowed him to withdraw his plea. But an absence of evidence of prejudice is not "sufficient to mandate permission to withdraw a plea when, as here, no credible reason is proffered." *United States v. Rasmussen*, 642 F.2d 165, 168 n.6 (5th Cir. Unit B Apr. 1981). Moreover, the district court's assessment of whether permitting withdrawal would inconvenience the court and waste judicial resources is entitled to "substantial deference since [the district court] is in the best position to know the effect that the withdrawal [would have] on its resources." *Carr*, 740 F.2d at 345. Thus, the district court's finding that the withdrawal would inconvenience the court and waste judicial resources should be credited. *Id.* Accordingly, Langenberg has failed to demonstrate that the district court abused its discretion by denying his motion to withdraw his guilty plea.

AFFIRMED.