[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10612
Argument Calendar
_____

D.C. Docket No. 1:13-cr-00040-TWT-GGB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee
Cross Appellant,

versus

ANTONIO KILPATRICK HEARD,

Defendant-Appellant
Cross Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(February 23, 2017)

Before WILLIAM PRYOR, JORDAN, and BALDOCK,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

This appeal raises three issues: (1) whether the Georgia burglary statute, Ga. Code Ann. § 16-7-1 (2011), includes the elements of generic burglary such that a conviction for violating the statute can qualify as a predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e); (2) whether Antonio Heard's sentence is substantively unreasonable; and (3) whether Heard was denied due process when the district court considered testimony that included hearsay statements of an unidentified inmate that established that Heard made threats against federal agents. Heard argues that generic burglary within the meaning of the Armed Career Criminal Act includes an element of breaking and entering but that the Georgia statute for his prior conviction does not contain that element. The district court adopted this conclusion. Heard also argues that his sentence was substantively unreasonable in the light of the conditions of his presentence detention and that Heard suffered a violation of due process because the hearsay statements were unreliable.

The government argues, and we agree, that our decision in *United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016), which interpreted the same burglary statute, decides the first issue. After reviewing the record in *Gundy*, we concluded that the defendant's "burglary convictions involved these three elements: (1) an unlawful entry (2) into a dwelling house or building (3) with intent to commit a crime therein." *Id.* at 1169. We held that "[t]hese elements substantially conform to

2

the generic definition of burglary." *Id.* That is, convictions under the Georgia burglary statute may sometimes serve as predicate offenses under the Armed Career Criminal Act because the Georgia burglary statute is divisible and includes the elements of generic burglary. *Id.* The contrary determination by the district court that generic burglary requires an element of breaking and entering conflicts with our decision in *Gundy*. We vacate Heard's sentence and remand to the district court with instructions to determine whether the record establishes that Heard was convicted of generic burglary. *See Shepard v. United States*, 544 U.S. 13, 26 (2005). Because we vacate his sentence, Heard's argument that his sentence is substantively unreasonable is moot.

The district court did not err when it relied on the testimony of Agent Lance Greer. The authority of a district court to consider at sentencing hearsay statements from unidentified declarants is well established. *E.g., United States v. Rodriguez*, 765 F.2d 1546, 1554–55 (11th Cir. 1985). Heard has not proved that this appeal includes circumstances that made the testimony unreliable. He has not cited evidence in the record that contradicts the hearsay statements, *see United States v. Reme*, 738 F.2d 1156, 1167 (11th Cir. 1984), and the hearsay statements included indicia of reliability such as the unidentified inmate's status as Heard's former cellmate, *Rodriguez*, 765 F.2d at 1555, and the specificity of the statements

3

concerning whom Heard targeted with his threats and how Heard intended to achieve his threatened action.

We **VACATE** the sentence of the district court and **REMAND** for resentencing but **AFFIRM** the determination that the district court can consider the hearsay statements.