[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10479
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00040-TWT-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO KILPATRICK HEARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 30, 2018)

Before TJOFLAT, WILLIAM PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

This appeal is the second time that Antonio Heard has challenged his sentence and convictions for possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1), 924(e)(1), and for possessing stolen firearms, *id.* §§ 922(j), 924(a)(2). During the first appeal, both the government and Heard challenged the sentence imposed following his pleas of guilty to both offenses. The government won that battle. In this second appeal, Heard challenges the later denial of his motion to withdraw his plea. Heard argues that his pleas of guilty were not entered knowingly because he thought it was a "remote" possibility that he would receive a mandatory minimum sentence under the Armed Career Criminal Act. We affirm.

Before trial, Heard sought and obtained a limited presentence investigation report to aid him in deciding whether to change his pleas from not guilty to guilty. Heard had four prior convictions for burglary in Georgia courts, but the limited presentence report did not classify his offenses as violent felonies under the Act. During a status hearing, defense counsel argued that Heard was not an armed career criminal, but the government responded that Heard's convictions counted as predicate offenses under the Act and subjected him to an enhanced sentence. The district judge declined to rule on the issue because the case was being reassigned, advised the parties to file motions requesting the new judge to rule on the application of the Act, and told Heard that he might face a mandatory sentence of 15 years if he entered pleas of guilty or lost at trial.

2

After the district court denied the parties' joint motion for an advisory ruling on Heard's sentence, Heard entered pleas of guilty without the benefit of a plea agreement. During the plea colloquy, the prosecutor stated that Heard faced a mandatory minimum sentence of 15 years under the Act, and defense counsel acknowledged that the district court "may decide at [sentencing] that it is 15 to life if [it were to] decide that the [Act] does apply to Mr. Heard." Defense counsel also stated, "We are aware that that's a possibility, that [the district judge] will make that decision," but "he and I do believe that after you hear the arguments that the Court will decide . . . that Mr. Heard is not eligible for the enhanced sentence under [the Act], in which case" his sentencing range would "be zero to ten years, ten years being the maximum at that point." Heard acknowledged that the district court would decide whether to classify his prior convictions as violent felonies and that he could face a mandatory minimum sentence of 15 years of imprisonment. Heard also acknowledged "that if the sentence is more severe than [he] expected [he] will still be bound by [his] plea of guilty and will have no right to withdraw it." The district court found that Heard offered to plead guilty "voluntarily . . . with full knowledge of the charges against him and the consequences of his plea[s]" and accepted his pleas of guilty.

The district court refused to classify Heard's prior convictions as violent felonies on the ground that generic burglary required an element of breaking and

3

entering. The district court calculated Heard's sentencing range as 77 to 96 months of imprisonment and sentenced him to two concurrent sentences of 84 months of imprisonment. Heard and the government appealed.

We vacated Heard's sentence based on our intervening decision in *United States v. Gundy*, 842 F.3d 1156, 1169 (11th Cir. 2016), in which we held that convictions under the Georgia burglary statute may qualify as predicate offenses under the Act because the state statute is divisible and includes the elements of generic burglary. *United States v. Heard*, 677 F. App'x 636, 636 (11th Cir.), *cert. denied*, 137 S. Ct. 2109 (2017). We remanded Heard's case for the district court "to determine whether the record establishes that Heard was convicted of generic burglary." *Id.* at 636–37.

On remand, Heard moved to withdraw his pleas of guilty, but the district court denied the motion. The district court ruled that no fair and just reason existed to allow Heard to withdraw his plea. The district court found that Heard knew of the possibility that his prior convictions would count as predicate offenses and that the government would be unduly prejudiced by a loss of evidence and witnesses because five years had elapsed since Heard's indictment. The district court ruled that Heard's prior convictions were violent felonies, recalculated Heard's sentencing range, and sentenced him to 180 months of imprisonment for possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1), 924(e)(1), and to a

4

concurrent sentence of 120 months for possessing stolen firearms, *id.* §§ 922(j), 924(a)(2).

The district court did not abuse its discretion by denying Heard's motion to withdraw his guilty pleas. In *United States v. Buckles*, 843 F.2d 469 (11th Cir.1988), we identified four factors for the district court to consider in evaluating such a request: whether the defendant had "close assistance" of counsel; whether the plea was knowing and voluntary; whether judicial resources would be conserved; and whether the government would be prejudiced if the defendant were allowed to withdraw his plea. *Id.* at 472. Heard admits that he "voluntarily and knowingly accepted the plea[s] of guilty" and the record reveals that he consulted with his counsel at length before entering his pleas of guilty. Heard does not challenge the finding that allowing him to withdraw his plea would prejudice the government, so we deem any argument he could have made in this regard abandoned. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998). Heard provided no fair and just reason to allow him to withdraw his pleas. *See* Fed. R. Crim. P. 11(d)(2)(B).

Heard argues that he could not "make a truly 'knowing' decision on his plea[s] . . . [w]ithout the *Gundy* decision as guidance," but we disagree. For a guilty plea to be entered into knowingly and voluntarily, it must satisfy three "core concerns," which are that "(1) the guilty plea must be free from coercion; (2) the

5

defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Symington*, 781 F.3d 1308, 1314 (11th Cir. 2015) (quoting *United States v. Hernandez–Fraire*, 208 F.3d 945, 949 (11th Cir. 2000)). Heard does not dispute that his plea was made voluntarily and that he understood the crimes that he admitted committing. And the record establishes that Heard knew, without a doubt, that he could be sentenced as an armed career criminal if he pleaded guilty. The district court advised Heard of the possibility that it might count his prior convictions as predicate offenses under the Act and enhance his sentence, both when Heard was still debating whether to plead guilty and later during his change of plea hearing. And Heard acknowledged during his plea colloquy that he knew the district court would decide whether to enhance his sentence and that he could not withdraw his plea if he received a greater sentence than he anticipated. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true."); *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) ("when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false"). Tellingly, Heard admits that "he clearly recognized [before entering his pleas] that a higher sentence was a possibility . . . ."

6

Timing is everything, and in this case, the timing of Heard's motion establishes his motivation for seeking to withdraw his plea. Heard's motion followed on the heels of our decision in his first appeal to vacate his sentence and remand for resentencing. Heard acted in anticipation that he would receive a more severe sentence. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). "To have granted [Heard's] motion under these circumstances would have been to permit [him] to use the guilty plea as a means of testing the weight of the potential sentence—a primary ground for denying plea changes." *Id.* (quoting *United States v. Simmons*, 497 F.2d 177, 179 (5th Cir.1974)). We cannot say that the district court abused its discretion by refusing to allow Heard to withdraw his plea.

We **AFFIRM** Heard's convictions and sentence.